THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES R. SAMPLES, Defendant-Appellant.

Fifth District    No. 81-356

Opinion filed May 26, 1982.

524

Edward J. Kionka, of Carbondale, and Paul T. Austin & Associates, of Marion (Paul T. Austin, of counsel), for appellant.

Randy Patchett, State's Attorney, of Marion (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

A jury found the defendant, Charles R. Samples, guilty of armed violence and of intimidation. The incident giving rise to the charges against defendant arose out of a dispute between him, as a used car dealer, and the bank with which he customarily did business over the amount and disposition by the bank of certain credit life insurance monies received upon the death of defendant's father and business associate. As a result of the dispute defendant had gone to the bank to "settle the matter," seeking, in particular, certificates of title to automobiles affected by the bank's disposition of the monies. Defendant was sentenced to a term of imprisonment of 10 years for the crime of armed violence and to a concurrent term of 2 years for the offense of intimidation.

On appeal defendant raises five issues: (1) whether the trial court erred in denying his motion for a substitution of judge; (2) whether the trial court erred in giving on its own motion "an incorrect instruction on the law after the jury had returned its verdict and before the jury could be polled"; (3) whether the armed violence statute is unconstitutional; (4) whether the trial court erred in permitting conviction on both armed violence and intimidation, "a lesser included offense" and (5) whether defendant's sentence is excessive. In view of the disposition we make of this case we need address only the issue concerning defendant's motion for substitution of judge made pursuant to section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(a)), which provides as follows:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection, provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced."

We set forth only those facts pertinent to that issue.

On November 21, 1980, the State filed a six-count information against defendant, whose first appearance was before Judge Lewis on December 18, 1980, for a preliminary examination. On December 30, 1980, defendant appeared for a preliminary hearing before Judge Howerton, who found probable cause and entered orders for discovery as well as an order, filed January 2, 1981, setting the motion hearing for March 25, 1981, the pretrial hearing for March 27, 1981, and jury trial for April 1, 1981. At the preliminary hearing Judge Howerton denied defendant's motion to reduce bail. On February 25, 1981, defendant filed a motion for substitution of Judge Lewis because of his prejudice against defendant. At the hearing on the motion on March 27, 1981, Judge Lewis considered and denied a motion of defendant for continuance from the trial date of April 1, 1981. On Wednesday, April 1, 1981, at the beginning of a motion hearing before Judge Lewis, the court stated, "Mr. Austin [defendant's attorney] called me on the telephone [on Monday, March 30, 1981] and brought it to my attention that there had been a Motion for Substitution of Judge filed." Defendant's attorney responded:

"It is my understanding under the law that [the motion for substitution] must be filed within 10 days after you know what Judge this has been assigned to and placed on the particular Judge's docket. It's our position that simply because your Honor set the Case back in November [*sic*], it is not the same thing as being placed upon your docket and our first notice that [defendant's cause] was actually going to be placed on your docket was when he received the docket sheet, which was some two or three weeks ago and sometime after we had filed a Motion for Substitution. IT IS FOR THAT REASON we believe it's timely."

In denying the motion for substitution Judge Lewis stated:

"Gentlemen, I have been assigned to Williamson County since April of 1972. I guess this will be my 9th year that I have been assigned to Williamson County and I have been assigned for those

last nine years to hear criminal cases. No other Judge has been assigned to handle criminal cases in Williamson County unless a substitution was taken from me. I'm the only Judge, I guess, who's handled any criminal cases in Williamson County except when a substitution has been granted or unless—that's the only time unless I was tied up in another trial and they might have handled some pretrial matters. So, we've had meetings with the Bar Association in Williamson County and, of course, Mr. Austin you, of course, are a member of the Bar Association so I hope you're well aware that I'm the only one that handles criminal cases unless there is a substitution granted, or unless I'm sick—of course, that hasn't occurred in the nine years either. So, I would think that everybody was well apprised that Judge Lewis handles all the criminal cases in this County unless there is a substitution granted and so the Motion will be denied. I think it's—if there were any grounds for prejudice that would come under a different section—you would have to file an affidavit, so just on the general motion, I don't think it's timely because of the great delay. We would have to assign it to another Judge, who would have to reschedule it which would cause a delay of this case, so the Motion will be denied."

The record contains neither an order of assignment nor any rule of practice concerning assignment such as might be set forth by the circuit court of Williamson County.

■■■ A motion for substitution is timely filed when filed within ten days of the date a defendant can be charged with knowledge of the assignment of the case to the trial judge. (*People v. Oatis* (1979), 69 Ill. App. 3d 736, 387 N.E.2d 1052.) The right to a change of venue for prejudice of a judge is absolute. (*People v. Peterson* (1979), 70 Ill. App. 3d 205, 387 N.E.2d 951; *People v. Gregory* (1958), 16 Ill. App. 2d 576, 149 N.E.2d 198.) The venue provisions are to be liberally rather than strictly construed in order to permit rather than defeat an application for a change of venue, particularly where prejudice is charged on the part of the judge. (*People v. Kostos* (1961), 21 Ill. 2d 451, 173 N.E.2d 469; *People v. Peterson.*) A liberal construction is required in order to protect the guarantee of a fair and impartial trial implicit in our legal system. (*People v. Flowers* (1977), 47 Ill. App. 3d 809, 365 N.E.2d 506.) In furtherance of this guarantee, section 114—5(a) allows a defendant 10 days from the time a judge is assigned to preside at his trial in which to move for an automatic substitution of judge, provided the defendant believes the judge to be prejudiced against him. *People v. Flowers.*

■■ These rules are predicated upon a good-faith allegation of prejudice on the part of the court and are not to be used for purposes of delay. (*People v. Peterson.*) Furthermore, where a judge has already com-

menced a hearing and has by his rulings indicated his views on the merits of the cause, it is too late for the party against whom such rulings have been made to move for a change of venue. (*People v. Gregory.*) Thus, one criterion for determining the timeliness of such a motion is whether it was filed before the court had considered a substantive issue in the cause. (*People v. Ehrler* (1969), 114 Ill. App. 2d 171, 252 N.E.2d 227.) The purpose of this rule is to preclude counsel from ascertaining the attitude of the trial judge during a hearing on an issue related to the cause and subsequently asserting the prejudice of the court as a ground for allowing a change of venue, provided the trial court's judgment was determined not to be in harmony with the theory of counsel. *People v. Ehrler*.

■█ █ Because, assuming compliance with the statute, the right of a defendant is absolute, upon such a motion the trial judge loses all power and authority over the cause except to make the necessary orders to effectuate the change, and the denial of such a motion constitutes reversible error. (*People v. Davis* (1957), 10 Ill. 2d 430, 140 N.E.2d 675, *cert. denied* (1957), 355 U.S. 820, 2 L. Ed. 2d 35, 78 S. Ct. 25.) If a defendant's motion is improperly denied, all subsequent action of the trial court is void. *People v. Ethridge* (1966), 78 Ill. App. 2d 299, 223 N.E.2d 437.

■█ We do not think that the prevailing practice in the circuit court of Williamson County described by Judge Lewis, in which a certain judge hears all the criminal cases unless he is ill or otherwise unable to do so, amounts to placement of a cause on the trial call of a judge so as to commence the running of the 10-day period in which a defendant may move for automatic substitution of a judge for prejudice. (*Cf. People v. Harston* (1974), 23 Ill. App. 3d 279, 319 N.E.2d 69, where in force at the pertinent time was an administrative order that all criminal trials were to be heard by a certain judge.) Under such a system as that described here serious questions come instantly to mind as to precisely when the critical 10-day period might reasonably be expected to begin to run. Under such a system a defendant might find his right to an automatic substitution of judge for prejudice disappointingly hollow. (See *People v. Thomas* (1978), 58 Ill. App. 3d 460, 374 N.E.2d 795.) Because defendant's cause cannot be said to have been placed on Judge Lewis' trial call at the time defendant filed his motion for substitution, we must conclude that the motion could not have been untimely filed for having been filed too late.

■█ Apparently in the alternative, the State contends that defendant's motion was likewise untimely filed for having been filed too early, for not having been filed during the 10-day period after which defendant maintains that he did, in fact, learn that his cause had been placed on the trial call of Judge Lewis. In its brief the State argues that "if the defendant

seriously wishes to maintain that he did not know the identity of his trial judge until March, he cannot also maintain that he *in good faith* moved for substitution of 'that judge' [a reference to the language of section 114—5(a)] in February." Our research has not disclosed any case involving, as does the one at bar, the filing of a motion for substitution of judge for prejudice in anticipation of a defendant's actual knowledge of the fact that his cause has been assigned to that particular judge. Defendant relies upon *People v. Evans* (1971), 1 Ill. App. 3d 158, 273 N.E.2d 71, saying of that case, "No evidence that the defendant had actual knowledge of the assignment appears in the opinion." Unfortunately, we cannot determine from the statement of facts made in *Evans* precisely what did occur there. Bearing in mind the rule of liberal construction of the venue provisions in order to protect the guarantee of a fair and impartial trial, we can think of no reason why a defendant, who believes a particular judge is prejudiced against him, should not be permitted to exercise his right to automatic substitution of that judge in anticipation of the defendant's learning that his cause has, in fact, been assigned to him. A defendant is permitted to exercise the right to automatic substitution but twice at most. If he believes that a certain judge is prejudiced against him and he wishes to exercise that right in spite of the risk that his cause might not, in fact, be assigned to the judge named and that he might thereby misapply his only opportunity, perhaps, for automatic substitution, we see no reason why he should not be permitted to do so. The liberal construction called for in the application of the venue provisions aside, elemental justice requires that no defendant should be forced to stand trial before a judge whom he believes, for whatever reason, to be prejudiced against him.

We have considered the State's further contention that the trial court could have concluded that defendant's motion was made for purposes of delay and find it without merit. We have also read the transcripts of proceedings of all matters considered by the trial court prior to the hearing at which defendant's motion for substitution was considered, including the transcript of the hearing on defendant's motion for continuance held but a few days before the one held on the motion for substitution, and have found nothing in the record to suggest that the trial court indicated in any way at any time his views on the merits of defendant's cause.

For the foregoing reasons we hold that defendant's motion for substitution of judge for prejudice was timely filed. The denial of the motion was therefore error and the subsequent action of the trial court void for lack of jurisdiction. Thus, the judgment of the trial court must be reversed and the cause remanded for a new trial before another judge.

Although the State contends that the issue with respect to the motion for substitution was waived for review by virtue of defendant's failure to

include it in his post-trial motion, the State overlooks the fact that questions of jurisdiction may be raised at any time. A jurisdictional defect having occurred, the State's point is not well taken.

With regard to the question raised bearing ultimately on the evidentiary question of whether the crime of intimidation here alleged was committed exclusively through defendant's use of a gun, for guidance upon retrial we refer the parties and the trial court to the recent case of *People v. Donaldson* (1982), 91 Ill. 2d 164, holding that multiple convictions for both armed violence and the underlying felony cannot stand where a single physical act is the basis for both charges.

We do not, of course, consider the constitutional question presented in view of the fact that any such consideration would be undertaken in an advisory capacity only, plainly impermissible as to constitutional questions.

Reversed and remanded.

HARRISON and KASSERMAN, JJ., concur.