THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY P. GUNNING, Defendant-Appellant.

Fourth District   No. 4—82—0022

Opinion filed August 9, 1982.

Summers, Watson & Kimpel, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Robert J. Biderman and Mona C. Mack, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant was found guilty by a jury in the circuit court of Champaign County of the offense of driving while under the influence of alcohol in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501). He was sentenced to 150 days' imprisonment. His sole issue on appeal is whether the trial court erred in denying his motion for substitution of judges pursuant to section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(a)). We believe it was error and thus reverse and remand for a new trial.

Some detailing of the events preceding the trial is necessary. Defendant was arrested on September 3, 1981, and was arraigned before Judge Nicol on September 4. On defendant's motion the case was continued to September 28. On that date defense counsel entered his appearance together with a plea of not guilty and a demand for speedy trial. These proceedings occurred before Judge DeLaMar. A docket entry of that date, *viz.*, September 28, 1981, indicates that the case was set for "docket call" on October 28, 1981, in "Courtroom E."

A written "docket order" dated October 28, 1981, and signed by Judge DeLaMar, appears in the record and indicates that the cause was set for trial on November 16, 1981, in courtroom "G." There is no indication in the order what judge was assigned to hear the matter, but it may be inferred that it was Judge DeLaMar because on October 29, 1981, the following day, a motion for substitution from Judge DeLaMar was filed by defendant and referred to Judge Townsend for hearing. The motion hearing was held the same day and the

motion was denied by Judge Townsend, who stated in his ruling that he believed that the cause was placed on Judge DeLaMar's trial call on September 28, and thus the filing of the motion more than 10 days later was too late.

The trial took place on December 10, 1981, before Judge DeLaMar. Defense counsel reiterated at its commencement his objection to the denial of the motion for substitution and on that basis declined to cross-examine the State's witnesses or to present a defense. At the close of the State's case he moved for mistrial and that motion was denied. The subject was again raised in defendant's post-trial motion which was likewise denied and defendant was sentenced as above described.

Judge Townsend's remarks that the motion hearing indicate that he assigned two reasons for his ruling: (1) that Judge DeLaMar was the traffic judge for Champaign County and therefore would automatically hear all traffic cases, and (2) Judge DeLaMar had allotted the matter for "docket call." Putting these together, Judge Townsend reasoned that defendant was charged with notice of trial before Judge DeLaMar as early as September 28 and therefore the motion of October 29 was too late under the statute.

It must be remembered at the outset that these proceedings were conducted pursuant to section 114—5(a) of the Code. No contention has ever been made that section 114—5(c) was involved. Under the latter section (Ill. Rev. Stat. 1979, ch. 38, par. 114—5(c)) a defendant may move for substitution at any time for cause supported by affidavit. Under section 114—5(a) the substitution is automatic if the motion be filed within 10 days after it is placed on a judge's trial call.

The appellate court has recently had occasion to consider a similar case in *People v. Samples* (1982) 107 Ill. App. 3d 523. In *Samples* the defendant appeared first before Judge Lewis; later he appeared before Judge Howerton, who entered up preliminary orders on December 30, 1980, including one for a pre-trial hearing on March 25, 1981, and for jury trial on April 1, 1981. Defendant filed a motion for substitution from Judge Lewis on February 25, 1981. At the hearing on that motion Judge Lewis stated that he was the only judge who heard criminal cases in Williamson County and therefore defendant was charged with knowledge when the trial allotment was made that he, Judge Lewis, would hear the case; therefore, the motion was too late.

The appellate court held that this ruling was error, saying:

> "We do not think that the prevailing practice in the circuit court of Williamson County described by Judge Lewis, in which a certain judge hears all the criminal cases unless he is ill or

otherwise unable to do so, amounts to a placement of a cause on the trial call of a judge so as to commence the running of the 10-day period in which a defendant may move for automatic substitution of a judge for prejudice." (*People v. Samples* (1982), 107 Ill. App. 3d 523, 527.)

The court also stated that any such system would render a defendant's right to substitution under section 114—5(a) "disappointingly hollow."

▇ We adopt this rationale. As applied to the instant case, it is of no consequence that Judge DeLaMar was the judge assigned to traffic matters. Defendant did not know, and could now know, until October 28 that in fact Judge DeLaMar was assigned to his specific case.

Judge Townsend's alternative reason, *i.e.*, the "docket call" assignment of September 28 was the equivalent of a trial call, is also without merit.

▇ The sparse record before us does not indicate what the nature of a docket call is in Champaign County. Traditionally, it has been a public calling of pending cases, generally at the beginning of a term of court, for the purpose of disposing of them by setting for trial, by continuing, by defaulting, or by making some other disposition of them. (See *Blanchard v. Ferdinand* (1882), 132 Mass. 389.) This is apparently what happened here. The docket call was held on October 28 and at that time the cause was set for trial on November 16. Clearly an order to appear at a docket call is not an order to appear for trial, nor can a docket call be a trial call. The docket call is a sifting process and is a valuable tool for good judicial administration. Defendant's brief suggests that courtroom E, where the docket call was to be held, is usually occupied by Judge Townsend. This is an even further indication that the case had not yet been assigned to Judge DeLaMar.

▇ The motion for substitution was valid and it was reversible error to deny it. The judgment of the circuit court of Champaign County is therefore reversed and the cause is remanded for new trial.

Reversed and remanded.

LONDRIGAN and TRAPP, JJ., concur.