THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIN WILLIAMS, Defendant-Appellant.

Fifth District   No. 5—90—0106

Opinion filed August 28, 1991.

Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Scott Mansfield, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Martin Williams, was found guilty of theft after a jury trial in St. Clair County, Illinois. He was sentenced to the Department of Corrections for four years. Defendant's sole contention on appeal is that the trial court erred in denying his motion for substitution of judge, made pursuant to section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a)). The State argues that defendant has waived the issue by failing to raise it in his post-trial motion, and that his motion for substitution was not timely filed and, therefore, the trial court's denial of the motion was proper. We shall address the waiver issue first.

■■ Section 114—5(a) provides as follows:

"114—5. Substitution of judge. (a) Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion. The defendant may name only one judge as prejudiced, pursuant to this subsection; provided, however, that in a case in which the offense charged is a Class X felony or may be punished by death or life imprisonment, the defendant may name two judges as prejudiced." Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a).

■■■ When a defendant complies with the terms of section 114—5(a), the trial court loses all power and authority over the case except to make the necessary order to effectuate the change. (*People v. Davis* (1957), 10 Ill. 2d 430, 140 N.E.2d 675, *cert. denied* (1957), 355 U.S. 820, 2 L. Ed. 2d 35, 78 S. Ct. 25.) If a section 114—5(a) motion is improperly denied, all subsequent action taken by the trial court is void (*People v. Ethridge* (1966), 78 Ill. App. 2d 299, 223 N.E.2d 437). A void order may be challenged at any time. (*In re T.E.* (1981), 85 Ill. 2d 326, 333, 423 N.E.2d 910, 913.) We conclude that defendant has not waived the issue. We turn now to the merits of defendant's appeal.

Defendant was charged with committing the offense of theft from a person. Defendant's initial court appearance was before Judge Radcliffe February 14, 1989, at which time defendant's bond was set at $10,000. Defendant's next court appearance came February 24, 1989, before Judge Lipinot, who appointed the public defender to represent him. Defendant then appeared March 3, 1989, before Judge Stevens and entered a plea of not guilty. On March 5, 1989, defendant posted a $1,000 bond and was released from custody. After defendant's release on bail the public defender moved to withdraw from the case. A hearing on the motion to withdraw was held March 12, 1989, before Judge Wharton. Defendant was present at the hearing. Judge Wharton granted the motion to withdraw and continued the case to the next jury docket. The defendant was scheduled to appear in court at the June 9, 1989, docket call before Judge Wharton, but he did not appear. Judge Wharton ordered defendant's bond forfeited and issued a warrant for his arrest. The defendant appeared in court on July 6, 1989, before Judge Radcliffe

at which time his bond was reinstated, and the public defender was reappointed. On August 29 the public defender filed a motion to reconsider the order of reappointment. Defendant was scheduled to appear for docket call on September 15, 1989, before Judge Flynn, but he again failed to appear. Defendant's bond was ordered forfeited, and a bench warrant was issued. While the record is unclear, it appears that defendant was in court on October 5, 1989, before Judge Radcliffe regarding defendant's bond. On October 16 defendant was present at a hearing before Judge Flynn on the public defender's motion to reconsider the July 6 order reappointing the public defender. Judge Flynn allowed the motion and ordered defendant to appear in court on November 1.

On October 25, 1989, the office of the chief judge mailed a criminal docket call to defendant directing him to appear before Judge Flynn on November 9, 1989. The defendant did not receive this information because the court file did not contain his correct address. The failure of the information to reach defendant can only be attributed to defendant since he twice signed court documents which listed his address incorrectly. Therefore, we shall assume that he received the notice of the docket call.

Defendant appeared in court on November 1 to report to Judge Flynn that he had not been able to hire counsel. Defendant's next court appearance was before Judge Flynn on November 9, at which time defendant informed the court that he would be representing himself and that he would be ready for trial during the next week. Defendant appeared in court on November 15 before Judge Aquirre. Judge Aquirre reappointed the public defender and then stated, "This cause will be reset for trial and reassigned with due notice." Defendant's section 114—5(a) motion for substitution of judge was filed on November 21. During the hearing on the motion conducted on December 12, Judge Flynn stated:

"The motion for substitution was a standard motion for substitution that this particular defense counsel has been filing, I believe, in every case involving me and I have been denying it in every case in which the case has been appearing on prior dockets in front of me and I have been granting those motions concerning cases that appear before me for the first time. So I think defense counsel could have contemplated that the motion would, in fact, be denied and it has been denied."

Defendant's jury trial was conducted that same day, and as noted above, defendant was convicted of theft from a person and sentenced to four years in the Department of Corrections.

■ Section 114—5(a) (Ill. Rev. Stat. 1989, ch. 38, par. 114—5(a)) is to be given a liberal interpretation so as to permit rather than deny a motion for substitution. (*People v. Flowers* (1977), 47 Ill. App. 3d 809, 365 N.E.2d 506.) The motion is timely filed when brought within 10 days of the date the defendant could be charged with knowledge of the assignment of the case to the trial judge. *People v. Oatis* (1979), 69 Ill. App. 3d 736, 741, 387 N.E.2d 1052, 1056.

■ The record does not contain an order of assignment or a rule of practice which governs assignments. However, the State maintains that defendant should be charged with knowledge of the assignment of the case to Judge Flynn on or before November 9, 1989. We disagree.

The State bases much of its contention on the statement made by Judge Flynn to defendant on November 9, 1989:

> "Here is what we are going to do. I am going to check with the judge next door so that we are both not calling out the same lawyers whether it be prosecutors or defense attorneys for the same time. You will be receiving a phone call from someone here whether it be the clerk or whoever informing you as to when your case will be tried one day next week, so you may receive a call later on today, or it may be next week sometime, but it will tell you when you need to be here."

The State also cites the fact that defendant appeared before Judge Flynn on more than one occasion in support of its contention.

Judge Flynn's statement indicates only that defendant's trial was scheduled for the following week. Defendant appeared before six different judges during the proceedings and was without counsel from October 16 through November 15. Moreover, on November 15, Judge Aquirre informed the defendant that his case would be rescheduled and "reassigned" with due notice. We do not feel that defendant can be charged with having knowledge that Judge Flynn was assigned to his case on these facts.

The State also argues that defendant was made aware that Judge Flynn was assigned to his case by the October 25 docket call letter which indicated that defendant was to appear November 9 before Judge Flynn. In *People v. Gunning* (1982), 108 Ill. App. 3d 429, 439 N.E.2d 108, the court discussed the distinction between a docket call and a trial call:

"The sparse record before us does not indicate what the nature of a docket call is in Champaign County. Traditionally, it has been a public calling of pending cases, generally at the beginning of a term of court, for the purpose of disposing of them by setting for trial, by continuing, by defaulting, or by making some other disposition of them. *** Clearly an order to appear at a docket call is not an order to appear for trial, nor can a docket call be a trial call. The docket call is a sifting process and is a valuable tool for good judicial administration." *Gunning*, 108 Ill. App. 3d at 432, 439 N.E.2d at 110.

The October 25 letter from the chief judge's office sets forth the purpose of a docket call in St. Clair County:

"The purpose of the docket call is to ascertain the status of cases and to schedule trials and the taking of pleas."

We do not agree that the presence of defendant's case on Judge Flynn's November 9 docket call made defendant aware that Judge Flynn was assigned to his case.

The record in this case simply does not indicate that Judge Flynn was assigned to the case prior to the day of trial, December 12. Therefore, we must conclude that defendant's motion was not filed too late as the State contends.

■ We now address the State's contention that defendant's motion was filed too early.

In *People v. Walker* (1988), 119 Ill. 2d 465, 519 N.E.2d 890, our supreme court addressed the constitutionality of section 114—5(a):

"The automatic-substitution-of-judge provision makes clear that its protections may be invoked only *after* assignment is made and then only 'within 10 days after' the case has been placed on the trial calendar of the assigned judge." (Emphasis in original.) *Walker*, 119 Ill. 2d at 477, 519 N.E.2d at 894.

Defendant contends that it is unlikely that St. Clair County would assign judges to the cases they would be handling on the very day the matter is scheduled for trial and that Judge Flynn's remarks of December 12 reflect that the case had been previously assigned to him. These arguments may well have merit, but they do not establish, and more importantly, the record as a whole does not establish any definite date of assignment to Judge Flynn other than the December 12 trial date. Defendant concedes that under *Walker* his motion for substitution of judge was properly denied if it was filed before his case had been assigned to Judge Flynn for trial. Since defendant's motion was filed on November 21 and since the

only date of assignment to Judge Flynn which is established by the record is December 12, we must conclude that the motion was filed too early. Therefore, defendant was not entitled to a substitution.

We note that in *People v. Samples* (1982), 107 Ill. App. 3d 523, 437 N.E.2d 1232, we held that a defendant could file his motion for substitution of judge prior to the judge's actual assignment to the case. To the extent that *Samples* is inconsistent with *Walker,* it is overruled.

For all the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

LEWIS and HOWERTON, JJ., concur.