*In re* ESTATE OF ESTHER C. PENDLETON, Deceased (C. Brian Pendleton, Appellant, v. Richard W. Pendleton *et al.*, Appellees).

First District (4th Division)  No. 1—92—3806

Opinion filed August 5, 1993.—Rehearing denied September 2, 1993.

C. Brian Pendleton, of Kenilworth, appellant *pro se.*

Sisual, Marks & Fleming, of Chicago (Edward L. Fleming and Margaret Iuorio, of counsel), for appellee La Salle National Trust.

Gottlieb & Schwartz, of Chicago (Morton John Bernard, of counsel), for other appellees.

JUSTICE HOFFMAN delivered the opinion of the court:

Appellant, C. Brian Pendleton, a beneficiary under the will of Esther C. Pendleton, appeals from an order setting a date for a public auction of real property which was a part of the estate. We consider: (1) whether this court has jurisdiction to consider the appeal under Supreme Court Rule 304(b)(1) (134 Ill. 2d R. 304(b)(1)) allowing an appeal from an order entered in the administration of an estate which finally determines a right or status of a party; and (2) whether the appeal is moot because the property has been sold. For the following reasons, we dismiss the appeal.

Appellant and appellees Richard W. Pendleton and Marcia Doering were beneficiaries under their mother's will. Appellee La Salle National Trust (La Salle) was appointed administrator *de bonis non* with will annexed after appellant was removed for mismanagement. The parties agree that the will empowered the executor to sell any real estate whenever he deemed it advisable and he could do so without court order.

The trial court entered an order setting a date for a public auction of the real property. Due to appellant's failure to cooperate, the auction did not take place on the scheduled date. La Salle petitioned the court for a rule to show cause against appellant, and in an order dated September 25, 1992, the auction was rescheduled for December 15, 1992. Appellant now appeals from that order.

OPINION

Appellant asserts that this court has jurisdiction over the appeal under Supreme Court Rule 304(b)(1) because the September 25 order setting the date for the public auction terminated his "right of residence as an heir" and his "right to benefit from the full value of the realty." La Salle does not challenge this court's jurisdiction.

■ Supreme Court Rule 304(b)(1) provides that "[a] judgment or order entered in the administration of an estate, guardianship, or similar

proceeding which finally determines a right or status of a party" may be appealed without a special finding although it does not dispose of an entire proceeding. (134 Ill. 2d R. 304(b)(1).) The purpose of the rule is to prevent piecemeal appeals. (*People ex rel. A.M. v. Herlinda M.* (1991), 221 Ill. App. 3d 957, 583 N.E.2d 36.) This court has an obligation to consider whether it has jurisdiction even if the parties did not raise the issue. *In re Estate of Devey* (1993), 239 Ill. App. 3d 630, 607 N.E.2d 685.

Rule 304(b)(1) "applies to orders that are final in character although entered in comprehensive proceedings that include other matters. Examples are an order admitting or refusing to admit a will to probate, appointing or removing an executor, or allowing or disallowing a claim." (Ill. Ann. Stat. ch. 110A, par. 304(b)(1), Committee Comments, at 27 (Smith-Hurd Supp. 1992).) Not every order entered in an estate proceeding must be immediately appealed; only those orders that finally determine the right or status of a party may be appealed under Rule 304(b)(1). *Devey*, 239 Ill. App. 3d 630, 607 N.E.2d 685.

■ Initially, it should be noted that the order appealed from did not authorize La Salle to sell the property as appellant contends. La Salle, as administrator *de bonis non* with will annexed, derived its power to sell from the clause in the will granting the executor the power to sell property without a court order. See Ill. Rev. Stat. 1991, ch. 110½, pars. 1–2.02, 6–16.

The order appealed from in this case merely reset a date for a public auction for the real property in question. The order did not finally determine appellant's right to the property or his status as a beneficiary; appellant did not have a right to the property because the will authorized the executor to sell the estate's property whenever he deemed it advisable. Research has not disclosed any case allowing an appeal under Rule 304(b)(1) from an order setting a date for a public auction of an estate's property. The order in this case did not finally determine the right or status of a party and, therefore, was not appealable under Rule 304(b)(1). As a result, the appeal must be dismissed for lack of jurisdiction.

Additionally, the appeal must be dismissed because it is moot. Prior to oral argument, La Salle moved to dismiss the appeal because the property had been sold to independent third-party purchasers while the appeal was pending. Attached to its motion was the affidavit of a vice-president of La Salle who stated that the property was sold to David and Cameon Halstead, who are neither parties nor nominees of parties to this action. La Salle argues that appellant did not seek a stay of the order appealed from and, therefore, the resolution of this appeal cannot affect the sale of the property.

Supreme Court Rule 305(b)(1) allows the trial court or the reviewing court to stay pending appeal the enforcement, force, and effect of any final or interlocutory judgment or order. (134 Ill. 2d R. 305(b)(1).) The rule also provides that "[i]f a stay is not perfected *** the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed." (134 Ill. 2d R. 305(i).) Under the rule, the record must disclose that the purchaser was not a party or a nominee of a party to the action. *Town of Libertyville v. Moran* (1989), 179 Ill. App. 3d 880, 535 N.E.2d 82.

A reviewing court must dismiss an appeal as moot if no actual controversy exists or if it has notice of facts that have occurred which make it impossible for the court to grant effectual relief to either party. (*Edwardsville School Service Personnel Association, I E A-N E A v. Illinois Educational Labor Relations Board* (1992), 235 Ill. App. 3d 954, 600 N.E.2d 910.) "[I]n the absence of a stay, an appeal is moot if a specific property, possession or ownership of which is the relief being sought on appeal, has been conveyed to third parties." *Libertyville*, 179 Ill. App. 3d at 886, 535 N.E.2d at 86.

Appellant contends that with this appeal he is not seeking possession or ownership of the property. Instead, he is only seeking to require La Salle to proceed with the sale of the property under section 20—5 of the Probate Act (Ill. Rev. Stat. 1991, ch. 110½, par. 20—5), which sets the procedure for the representative of an estate to obtain a court order authorizing the sale of real estate. Appellant explains that the object of the appeal "is to maintain the character of the sale *** as an independent, unsupervised act of the administrator, for which future liability is not barred."

This court cannot grant effective relief to either party. Even if appellant was successful on appeal, the sale of the property has been completed and this court cannot retroactively require La Salle to comply with the provisions of section 20—5. Appellant failed to obtain a stay of the order on appeal and, as a result, any reversal or modification of the order cannot affect the purchasers' right, title, or interest in the property. Further, the record establishes that the purchasers were not parties to this case or nominees of the parties. As a result, the appeal is moot and we grant La Salle's motion to dismiss the appeal.

Appeal dismissed.

JOHNSON and CAHILL, JJ., concur.