THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RANDALL A. McDUFFEE, Defendant-Appellant.

Fourth District  Nos. 4—97—1075, 4—98—0016 cons.

Opinion filed September 30, 1998.

284

Paul R. Wilson, Jr., of Wilson & Lanto, of Rantoul, for appellant.

Tony Lee, State's Attorney, of Paxton (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE GARMAN delivered the opinion of the court:

On May 10, 1997, defendant Randall McDuffee was charged by Illinois citation and complaint (traffic ticket) with improper lane usage (625 ILCS 5/11—709(a) (West 1996)). Defendant was involved in an automobile accident that resulted in personal injury to the two occupants of the other vehicle. On June 4, 1997, defense counsel filed a document entering his appearance on defendant's behalf, entering a plea of not guilty to the charge, and demanding a verified complaint be filed. On the same date, counsel also filed a request for speedy jury trial. On July 8, 1997, the parties made their first appearance before Judge Stephen Pacey. At that time, defendant demanded an immediate trial. On July 15, 1997, defendant filed a motion for substitution of judge pursuant to section 114—5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114—5(a) (West 1996)), alleging that Judge Pacey was prejudiced against him. The State filed an objection to this motion, alleging that Judge Pacey was the only resident circuit judge in Ford County and that the July 8, 1997, trial docket, identifying Judge Pacey as the trial judge, was mailed to defendant on June 23, 1997. Thus, according to the State, since defendant's motion was not filed within 10 days thereafter, the motion was untimely.

At a July 16, 1997, hearing, this motion and the State's objection were heard. The docket indicates that defense counsel was given until July 17, 1997, to submit authorities. The docket also shows a telephone motion by defense counsel on July 16, 1997, at 4:30 p.m., asking for a continuance due to a medical emergency. The motion was granted and, according to the docket, the matter was set over to the September 1997 jury trial calendar. On September 8, 1997, the trial court denied defendant's motion for substitution of judge as untimely.

The jury trial took place on November 17, 1997. On that date, prior to the commencement of trial, defendant filed a motion to dismiss the charge on grounds that more than 160 days had elapsed since his speedy-trial demand was filed. After that motion was denied, defendant filed a motion in bar of prosecution, alleging that his motion for dismissal should have been allowed, as well as his motion for substitution of judge. The motion asked the court to enter an order barring prosecution of defendant. This motion was also denied. Defendant then filed a notice of appeal of the orders denying his motion for substitution of judge, motion to dismiss, and motion in bar of prosecution (case No. 4—97—1075). Defendant argued the trial court was divested of jurisdiction over the case by the filing of the notice of appeal. The trial court ruled it retained jurisdiction and the trial commenced. Defense counsel made no opening statement, declined to cross-examine the State's witnesses, presented no evidence, did not participate in the jury instruction conference, and made no closing argument. After deliberating for 10 minutes, the jury found defendant guilty.

Following denial of defendant's posttrial motion, a sentencing hearing was held. Witnesses testified as to the injuries suffered by the occupants of the other car and the property damage that resulted from the accident. A written victim impact statement was presented by the State. The State recommended that defendant be fined $400. The State's Attorney noted that the victims wished defendant to be placed on conditional discharge and ordered to pay restitution. Defense counsel asked for a $75 fine and that defendant be placed on court supervision. The trial court rejected these recommendations, imposed a fine of $400, and entered a judgment of conviction. Defendant now appeals in case No. 4—98—0016, arguing that the trial court erred in (1) denying the motion for substitution of judge; (2) denying the motion to dismiss on speedy-trial grounds; (3) allowing the case to proceed to trial without filing of a verified complaint; (4) proceeding to trial without jurisdiction; and (5) entering a judgment of conviction, rather than placing defendant on court supervision. On defendant's motion, his appeal in case No. 4—97—1075 was consolidated with the instant appeal.

■ Defendant first argues that the trial court erred in denying his motion for substitution of judge. Section 114—5(a) of the Code provides that within 10 days after a cause involving only one defendant is placed on the trial call of a judge, the defendant may move for a substitution as of right. Defendant asserts that prior to the filing of his motion, his case had not been assigned to any particular judge for trial and no rulings had been made. The State asserts that on June 23, 1997, a trial docket naming Judge Pacey as the trial judge was mailed to defense counsel. However, nothing in the record supports this contention. There is no transcript of proceedings or bystander's report of the hearing on defendant's motion for substitution of judge. The docket sheet for July 8, 1997, indicates only that the parties appeared before Judge Pacey and defendant demanded an immediate trial. It does not indicate what else may have taken place that day. The record on appeal does not show the date on which Judge Pacey was assigned defendant's case for trial.

■ It is defendant's burden as appellant to provide this court with a complete record of the proceedings in the trial court and any doubts raised by the incompleteness of the record will be resolved against defendant. *People v. Foster*, 199 Ill. App. 3d 372, 393, 556 N.E.2d 1289, 1303 (1990). In the absence of a sufficient record on appeal, this court will presume the trial court's ruling conformed with the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). The trial court denied defendant's motion as untimely. On the state of this record, we must assume that the trial court correctly applied the law to the facts and made the proper decision.

■ Defendant next argues that his motion for dismissal on speedy-trial grounds was improperly denied. He asserts that 166 days elapsed between his speedy-trial demand and the commencement of trial on November 17, 1997. Defense counsel filed a motion for substitution of judge on July 15, 1997. He also secured a continuance on July 16, 1997, and the trial was continued to the September jury trial calendar. Section 103—5(f) of the Code (725 ILCS 5/103—5(f) (West 1996)) provides that delay occasioned by the defendant tolls the running of the speedy-trial period and that on the day of expiration of the delay, the speedy-trial period commences running. The delay caused by the motion for substitution of judge is attributable to defendant. *People v. Helton*, 153 Ill. App. 3d 726, 730, 506 N.E.2d 307, 309 (1987). Defendant's motion to continue also constitutes delay caused by him for speedy-trial purposes. *People v. Brown*, 110 Ill. App. 3d 443, 444, 442 N.E.2d 534, 536 (1982). Thus, defendant is responsible for a 54-day delay between the filing of those motions and the next hearing on September 8, 1997, when the trial court denied defendant's motion for

substitution of judge. Subtracting this period from the 166 days elapsed until trial commenced on November 17, 1997, places defendant's trial well within the required 160-day speedy-trial period.

■ Defendant next argues that the trial court should not have allowed the trial to proceed, where he had requested the filing of a verified complaint and none had been filed. Section 111—3(b) of the Code (725 ILCS 5/111—3(b) (West 1996)) provides that where a citation is made on a "Uniform Traffic Ticket," a copy of that ticket filed with the circuit clerk constitutes a complaint to which the defendant may plead unless the defendant specifically requests that a verified complaint be filed.

Although defendant filed a motion requesting a verified complaint, he proceeded to trial without making any objection to the fact that no verified complaint had been filed. The right to be charged by a verified complaint is waived unless the defendant objects prior to trial. *People v. Wydra*, 265 Ill. App. 3d 597, 609, 637 N.E.2d 741, 750 (1994). Further, the record does not indicate that the trial court ruled on the motion. The failure to request a ruling waives the issue for purposes of review. *Baldi v. Chicago Title & Trust Co.*, 113 Ill. App. 3d 29, 34, 446 N.E.2d 1205, 1209 (1983). Moreover, defendant has not identified any prejudice he suffered as a result of proceeding to trial on the basis of the traffic ticket. Thus, plain error review is not warranted. See *People v. Griffiths*, 112 Ill. App. 3d 322, 326, 445 N.E.2d 521, 526 (1983) (plain error exists only when the defendant's substantial rights are affected or the evidence is closely balanced).

Defendant's next argument is that the trial court lost jurisdiction when he filed his notice of appeal in case No. 4—97—1075 and, thus, could not proceed to trial. The notice of appeal was filed after the trial court denied defendant's motion in bar of prosecution. The trial court found that it retained jurisdiction to proceed with the trial, because the order denying defendant's motion in bar of prosecution was not a final order for purposes of appeal. In support of his argument that his first notice of appeal was properly filed, defendant cites this court's decision in *People v. Dinora*, 13 Ill. App. 3d 99, 299 N.E.2d 797 (1973). There, the defendant was charged with gambling offenses. He filed a motion in bar of prosecution on the grounds that he had statutory immunity. This motion was denied. Trial proceeded and the defendant was convicted. He renewed his motion and it was again denied. Defendant was sentenced to a prison term. The State argued on appeal that the order denying the motion in bar was not a final order for purposes of appeal and, therefore, the appeal must be dismissed. This court noted the decision of the Supreme Court of Illinois in *People v. Miller*, 35 Ill. 2d 62, 67, 219 N.E.2d 475, 478 (1966), holding that an order

denying a motion to dismiss rape charges was an interlocutory order and not appealable. We distinguished *Dinora* from *Miller* in the following manner:

> "The defendant's motion here, while titled 'Motion to Dismiss and In Bar of Prosecution' is, despite the title, a motion in bar. It does not fall within any of the grounds upon which the defendant may move to dismiss a charge as set forth in Ill. Rev. Stat. 1969, ch. 38, [par.] 114—1. Neither does the motion in bar fall within the purview of Ill. Rev. Stat. 1969, ch. 38, [pars.] 116—1, 116—2. Sec[tion] 116—1 governs motions for new trial which is not applicable to defendant's legal posture and sec[tion] 116—2 deals with motions in arrest of judgment but the grounds upon which such a motion will lie do not encompass a plea in bar. Defendant's motion in bar effectively presented to the trial court the issue as to whether or not defendant's prosecution was barred and we hold that the order denying the relief sought was a final and appealable order." *Dinora*, 13 Ill. App. 3d at 105-06, 299 N.E.2d at 801.

■ To be final for purposes of appeal, an order must terminate the litigation on its merits so that, if affirmed, the trial court has only to proceed with the execution of the judgment. *People v. Woolsey*, 139 Ill. 2d 157, 161, 564 N.E.2d 764, 765 (1990). The Constitution of the State of Illinois provides that appeals from final judgments of the circuit court are a matter of right and that the supreme court may provide by rule for appeal from other than final judgments. Ill. Const. 1970, art. VI, § 6.

■ Here, defendant's motion in bar was based upon the denial of his motion for substitution of judge and his motion to dismiss on speedy-trial grounds. No interlocutory appeal lies from the denial of these latter motions. We reject defendant's attempt to obtain appellate review of these orders through the guise of a motion in bar of prosecution. We also decline to follow the *Dinora* holding defendant cites in support of his argument. The *Dinora* court did not cite any statute, rule, or case law in support of its holding that denial of a motion in bar of prosecution on statutory immunity grounds is a final order for purposes of appeal. Such an order is clearly not final, since it does not terminate the litigation on the merits. No supreme court rule permits an interlocutory appeal from the denial of a motion in bar of prosecution on the grounds alleged by defendant here. Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)) allows an interlocutory appeal from denial of a motion to dismiss a criminal proceeding on the grounds of former jeopardy. However, that is clearly not the case here. To the extent that *Dinora* may be construed to allow an interlocutory appeal from denial of a motion in bar of prosecution on grounds not specifically encompassed by supreme court rules, that case is overruled.

Since defendant's notice of appeal in case No. 4—97—1075 was improperly filed, it did not divest the trial court of jurisdiction to proceed with the trial of the cause. Further, the notice of appeal did not confer jurisdiction on this court and, for this reason, the appeal in case No. 4—97—1075 must be dismissed. *In re Estate of Pendleton*, 250 Ill. App. 3d 296, 298, 621 N.E.2d 171, 172 (1993).

■ Defendant's last argument is that the trial court erred in failing to sentence him to court supervision. We note that defendant did not file a postsentencing motion and, thus, has not preserved his argument for our review. *People v. Reed*, 177 Ill. 2d 389, 390, 686 N.E.2d 584, 584 (1997). Regardless, we find no error in defendant's sentence. Defendant argues that the trial court erroneously considered the written victim impact statement filed by the State. A victim impact statement may be made under certain circumstances in cases where a defendant has been convicted of a violent crime. 725 ILCS 120/6(a) (West 1996). Therefore, a victim impact statement should not have been presented here. However, the trial court explicitly recognized this fact and made it clear that it would not consider the statement in imposing sentence on defendant. Thus, any error was harmless. Defendant also complains that the trial court did not consider a sentence of supervision. However, the question of court supervision was placed before the trial court by defense counsel. In explaining the reasons for the sentence imposed, the trial court specifically said that it would not sentence defendant to conditional discharge and order him to pay restitution, as the victims wished, or grant him court supervision. Thus, the record shows the trial court considered a sentence of supervision and rejected it. A trial court's judgment as to the appropriate sentence is entitled to deference, and a sentence may not be altered absent a showing that the punishment imposed constituted an abuse of discretion. *People v. Illgen*, 145 Ill. 2d 353, 379, 583 N.E.2d 515, 526 (1991); *People v. Jones*, 265 Ill. App. 3d 627, 639, 637 N.E.2d 601, 610 (1994). Defendant has failed to show any abuse of discretion by the trial court in imposing sentence.

Accordingly, defendant's conviction and sentence in case No. 4—98—0016 are affirmed. Defendant's appeal in case No. 4—97—1075 is dismissed.

No. 4—97—1075, appeal dismissed.
No. 4—98—0016, affirmed.

McCULLOUGH, J., concurs.

JUSTICE COOK, dissenting:

It is improper for a prosecutor to refer to matters outside the record, either in the trial court (*People v. Hayes*, 173 Ill. App. 3d 1043, 1050, 527 N.E.2d 1342, 1348 (1988); *People v. Davilla*, 236 Ill. App. 3d 367, 383, 603 N.E.2d 666, 676 (1992)) or in the appellate court (155 Ill. 2d Rs. 341(e)(6), (f)). It is axiomatic that statements of fact not based on the evidence may not be argued to a jury or to the court sitting as the trier of fact. *People v. Carlson*, 92 Ill. 2d 440, 449, 442 N.E.2d 504, 508 (1982); *People v. Edgeston*, 157 Ill. 2d 201, 242-43, 623 N.E.2d 329, 350 (1993).

According to the majority, "[t]he State asserts that on June 23, 1997, a trial docket naming Judge Pacey as the trial judge was mailed to defense counsel. However, nothing in the record supports this contention." 299 Ill. App. at 286. Instead of ignoring the prosecutor's arguments that are not supported by the record, the majority criticizes the defendant for not providing that support. That criticism is misplaced. The State has the duty to ensure that its evidence is placed into the trial court record. The State also has some obligation to ensure that the portions of the trial court record upon which it relies are included in the record on appeal. See 134 Ill. 2d R. 608(a) ("appellee may file a designation of additional portions of the circuit court record to be included"); see also 166 Ill. 2d R. 323(a) (appellee may designate "additional portions of the proceedings that the appellee deems necessary for inclusion in the report of proceedings"). Particularly in civil cases, the rules recognize that it is wasteful to include unnecessary materials in the record on appeal, that there is no obligation to include everything found in the trial court record, and that both sides have some obligation to identify materials on which they intend to rely.

The State, in its brief, asserts "there is no dispute in the record" that the June 23, 1997, trial docket "clearly identified Judge Pacey as the trial judge (the only judge in the county)." The State cites the record, at R. C11, for that proposition, but R. C11 is only an objection filed by the State to the motion for substitution of judge, containing the State's argument that the trial docket clearly identified Judge Pacey as the trial judge. Mere references in briefs to items that are not of record cannot be used to supplement the record. *Jones v. Police Board*, 297 Ill. App. 3d 922, 930, 697 N.E.2d 876, 881 (1998). The State's reference to the June 23, 1997, trial docket in the objection it filed in the trial court did not serve to make the trial docket a part of the record.

Are trial dockets normally made a part of the court file in Ford County? Perhaps the State thought that the clerk had filed the trial docket in the trial court record when the trial docket was mailed out. If the State wanted to argue the trial docket to us, however, it should

have attempted to supplement the record to include the trial docket, not just complained that the defendant had not done so. See 155 Ill. 2d R. 366(a)(3). In the *Foster* case, cited by the majority, the record did not contain a transcript of a sentencing hearing, a copy of a presentence report, or other documents that were clearly in the record. *Foster*, 199 Ill. App. 3d at 393, 556 N.E.2d at 1303 (where the court refused to compare Foster's sentence to that of Langley, because it did not have a sufficient record of the Langley proceedings). In this case, in contrast, the clerk has certified that everything required by Rule 608(a) has been included in the record on appeal. See 134 Ill. 2d R. 608(a). "The record on appeal shall be taken as true and correct unless shown to be otherwise." 134 Ill. 2d R. 329. The objection in this case is not that appellant has omitted something from the trial court record in the record on appeal. The objection is that something that was *not* in the trial court record has been omitted from the record on appeal.

The majority is critical of appellant for not filing a transcript of proceedings or bystander's report of the hearing on defendant's motion for substitution of judge. The State does not indicate why such a transcript or report might be necessary, and defendant's argument in this court does not rely on anything that happened during the hearing. This was a motion for automatic substitution of judge. See 725 ILCS 5/114—5(a) (West 1996). There was no need for the taking of evidence and no indication that any evidence was taken. If the State had introduced any exhibits, they would have been included in the record. The other case cited by the majority, *Foutch*, considered the trial court's denial of a motion to vacate a default judgment. It there appeared that testimony, sworn or unsworn, had been presented at the hearing on the motion, but that testimony (which constituted all the testimony in the case) was not preserved by a transcript, bystander's report, or any other means. *Foutch*, 99 Ill. 2d at 391-92, 459 N.E.2d at 959. It is common practice not to have a court reporter present on many occasions, such as motion hearings, when only argument is heard. Arguments can be repeated in the appellate court and often are adequately set out in the motion and the order of the court. If the State feels that something in the arguments on the motion is essential to the resolution of this case, *it* should have filed a bystander's report. The lesson for defendants today is to insist on a court reporter on every occasion, even routine motion hearings.

We should ignore the State's argument regarding the June 23, 1997, trial docket, because it is unsupported by the record. *Doyle Plumbing & Heating Co. v. Board of Education, Quincy Public School District No. 172*, 291 Ill. App. 3d 221, 229-30, 683 N.E.2d 530, 536

(1997) (material submitted by appellee which is not part of the record on appeal should not be considered). We are then left with the State's remaining arguments: that Judge Pacey was automatically assigned to this case because he was the only resident circuit judge in Ford County and that he was stated as the trial judge on the uniform traffic citation. (The State's brief seems to indicate these same arguments are also its reason for saying the June 23, 1997, trial docket "clearly identified Judge Pacey as the trial judge.") These arguments have been previously rejected by this court. *People v. Gunning*, 108 Ill. App. 3d 429, 430-32, 439 N.E.2d 108, 109-10 (1982). A 10-day period is a very short period, and if the running of that period can be started by some vague reference or rumor, then a defendant's statutory right to substitution of judge is " 'disappointingly hollow.' " *Gunning*, 108 Ill. App. 3d at 432, 439 N.E.2d at 110, quoting *People v. Samples*, 107 Ill. App. 3d 523, 527, 437 N.E.2d 1232, 1235-36 (1982). If a defendant's motion to substitute is filed too early, before the judge is assigned to the trial, the motion will be disregarded. *People v. Williams*, 217 Ill. App. 3d 791, 796, 577 N.E.2d 944, 948 (1991). In a district where it is common to have different judges at pretrial and trial, a defendant should not have to assume that the first judge whose name is mentioned will be his trial judge.

The State cites *People v. Aldridge*, 101 Ill. App. 3d 181, 184, 427 N.E.2d 1001, 1004 (1981), for the proposition that a motion for substitution of judge must be filed within 10 days of the date defendant could be "charged with knowledge" of the assignment of his case to the trial judge. Actually *Aldridge* sets out that rule, not to limit defendant's rights, but to expand them. Section 114—5(a) by its terms does not require notice to defendant of the assignment of the trial judge in order to commence the running of the period, but *Aldridge* and other cases read that requirement into the section. "Charged with knowledge" requires more than a possibility, or even a likelihood, of knowledge. "We do not believe that simply because a trial calendar is published in a law bulletin, a defendant can be charged with knowledge of an assignment to a particular judge's trial call." *Aldridge*, 101 Ill. App. 3d at 184, 427 N.E.2d at 1004.

I would reverse the decision of the trial court on the motion for substitution of judge and remand for a new trial before a different judge.