ROBERT EUGENE WEBSTER, Plaintiff-Appellant, v. EDWIN HARTMAN, Defendant-Appellee.

Fourth District   No. 4—99—0006

Argued August 18, 1999.—Opinion filed December 20, 1999.—Rehearing denied January 24, 2000.

COOK, P.J., dissenting.

Michael J. Costello (argued), of Costello & Miller, of Springfield, for appellant.

Karen L. Kendall and Craig L. Unrath (argued), both of Heyl, Royster, Voelker & Allen, of Peoria, and Kurt M. Koepke, of Heyl, Royster, Voelker & Allen, of Springfield, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

In February 1994, plaintiff, Robert Eugene Webster, sued defendant, Edwin Hartman, for injuries he sustained when Hartman rear-

ended him at a Springfield, Illinois, intersection in February 1992. A November 10, 1998, docket entry states: "[c]ase [s]ettled." Hartman subsequently filed a motion to enforce settlement. Following a December 1998 hearing on Hartman's motion, the trial court allowed the motion and dismissed the case. Webster appeals that order, arguing that (1) neither he nor his attorney agreed to settle; and (2) the court erred on a pretrial ruling. We affirm.

When presented with a challenge to the trial court's determination that a settlement occurred, we will not reverse unless the court's conclusion is against the manifest weight of the evidence—that is, unless an opposite conclusion is clearly evident. *In re Estate of Glassman*, 257 Ill. App. 3d 102, 107, 628 N.E.2d 666, 670 (1993). Here, however, the record before us contains neither (1) a transcript of the hearing on the motion to enforce settlement, nor (2) a bystander's report or an agreed statement of facts filed pursuant to Supreme Court Rules 323(c) and (d). 166 Ill. 2d Rs. 323(c), (d).

To determine whether a claimed error occurred, a court of review must have before it a record of the proceedings below. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391, 459 N.E.2d 958, 959 (1984). The appellant bears the burden to present a sufficiently complete record, and this court will resolve any doubts that arise from an incomplete record against the appellant. *Foutch*, 99 Ill. 2d at 391-92, 459 N.E.2d at 959. Absent a sufficient record on appeal, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959.

In this case, we are asked to review the propriety of the trial court's action on Hartman's motion to enforce settlement. We know, through examination of the common-law record, that the trial court conducted a hearing on the motion. However, we have no record of the evidence presented at that hearing, nor do we know the basis for the trial court's decision. We know only that the court allowed the motion. We therefore have no basis for holding that the trial court's finding—that a settlement occurred—was against the manifest weight of the evidence, and we presume the trial court's ruling was appropriate. As the court explained in *Palanti v. Dillon Enterprises, Ltd.*, 303 Ill. App. 3d 58, 66, 707 N.E.2d 695, 701 (1999), "[a]rguments made by an appellant that depend on facts that are not contained in the record are not sustainable on appeal." The *Palanti* court also wrote that an appellant has the duty to present the reviewing court with a complete record on appeal, and any doubts arising from an incomplete record are resolved against the appellant. Further, " 'those issues which depend for resolution upon facts not in the record mandate affirmance.' " *Palanti*, 303 Ill. App. 3d at 66, 707 N.E.2d at 701, quoting

*U.S. Minerals & Mining, Inc. v. Licensed Processors, Ltd.*, 194 Ill. App. 3d 428, 434, 551 N.E.2d 661, 665 (1990); see also *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1046, 713 N.E.2d 222, 227 (1999) (any doubts arising from the incompleteness of the record must be resolved against appellant); *In re Estate of Jacobs*, 189 Ill. App. 3d 625, 629, 545 N.E.2d 502, 504 (1989) (affirmance is dictated when crucial facts are omitted from the record).

The dissent does not dispute the majority's view that the record before us is not sufficient to enable us to review the propriety of the trial court's action on Hartman's motion to enforce settlement. Thus, implicit in the dissent is the requirement that Hartman, as the appellee, should somehow have assumed the burden of ensuring a complete record be submitted to the appellate court once Hartman became aware that Webster, as appellant, had failed to do so. Yet, before such a requirement is imposed, this situation must be considered from the point of view of appellee's counsel. When he received appellant's brief in this case and the "record" upon which it is based, counsel could have appropriately concluded that because the record is so deficient, the appellate court would reject appellant's arguments on the ground that the appellate court has nothing before it upon which to reverse the trial court. Under these circumstances, we have no difficulty believing that an attorney, in light of Supreme Court of Illinois rules and precedent, would reasonably conclude that the burden and expense of preparing a bystander's report does not fall upon him and his client.

The dissent accurately describes the rules regarding the burden of proof when a trial court determines whether a case has settled. However, the dissent implies that the party with the burden of proof in the trial court also has the burden of ensuring that the record on appeal establish that the burden of proof was met. We disagree. Regardless of where the burden of proof may lie in the trial court, in this court, the burden of providing a sufficient record to establish trial court error *always* lies with the party who is claiming that the trial court erred.

Unless the record before us affirmatively provides some reason to conclude to the contrary, the trial court is presumed to know the law governing settlements and to have properly applied it at the December 1998 hearing. Because the record before us contains no basis upon which we can conclude that the presumption normally accorded to the trial court should not apply, we affirm.

In light of our conclusion on this issue, we decline to address Webster's other claim of error.

For the foregoing reasons, we affirm the trial court's judgment.

Affirmed.

KNECHT, J., concurs.

PRESIDING JUSTICE COOK, dissenting:
As a preliminary matter, I *do* "dispute the majority's view that the record before us is not sufficient to enable us to review the propriety of the trial court's action on Hartman's motion to enforce settlement." 309 Ill. App. 3d at 461.

Did plaintiff's lawyer, now disbarred, attempt to settle this case without plaintiff's consent after receiving an adverse ruling? Where an alleged settlement is made out of court, there is a presumption that the client did not consent and is accordingly not bound, unless the opponent affirmatively establishes express authority. *Brewer v. National R.R. Passenger Corp.*, 165 Ill. 2d 100, 105-06, 649 N.E.2d 1331, 1334 (1995).

Defendant argues that where a settlement is made in open court the presumption is that there was authority to settle. *Szymkowski v. Szymkowski*, 104 Ill. App. 3d 630, 633, 432 N.E.2d 1209, 1211 (1982); *Glassman*, 257 Ill. App. 3d at 103-04, 628 N.E.2d at 668 (oral settlement agreement, terms formally spread of record, court questioned parties). There is no indication in this record, however, that this settlement was made in open court. The settlement was not made a part of a judgment. The entry of a docket order "[c]ase [s]ettled" is not formally spreading the terms of record. 309 Ill. App. 3d at 460. The record does not indicate that plaintiff was present on November 10, when the "[c]ase [s]ettled" entry was made. 309 Ill. App. 3d at 460.

Nor was plaintiff present on December 7, when the motion to enforce settlement was granted. The attorneys and a court reporter were present on December 7, but no record was made. Plaintiff did not call any witnesses on December 7. The majority states, "We know, through examination of the common-law record, that the trial court conducted a hearing on the motion." 309 Ill. App. 3d at 460. That is incorrect. The court's order simply recites "cause called for hearing" and "motion allowed." There is no indication that any argument was made. At any rate, under *Brewer*, plaintiff's attorney did not have the power to confess this issue by any argument on December 7.

This is another case like *People v. McDuffee*, 299 Ill. App. 3d 283, 701 N.E.2d 532 (1998), where the appellee seeks to insinuate that something outside the record occurred in the trial court and that appellant should lose because that "something" is not included in the

record. According to appellee's brief "we have no way of knowing what arguments or admissions were made before the trial court at the hearing on the motion to enforce." Defendant's attorneys, however, do know what took place, both on December 7 and during the settlement process. The same rule should apply here which applies to inquiries regarding prior inconsistent statements: a good-faith basis is required; innuendos or insinuations are improper. *People v. Fiorita*, 339 Ill. 78, 88, 170 N.E. 690, 694 (1930); *Boyce v. Risch*, 276 Ill. App. 3d 274, 278, 657 N.E.2d 1145, 1148 (1995).

A similar issue was addressed in *McDuffee*, where the question was when a particular judge was assigned to the case, beginning the running of the 10-day period for automatic substitution of judge. We faulted appellant for not providing a transcript of proceedings or bystander's report of the hearing on the motion for substitution of judge. *McDuffee*, 299 Ill. App. 3d at 286, 701 N.E.2d at 535. The supreme court reversed. "There is no assignment order or rule of practice governing assignments contained in the appellate record. In the absence of an official assignment order, we must assume that there was none." *People v. McDuffee*, 187 Ill. 2d 481, 490 (1999). The same rule applies here. There is no indication in this record that a settlement was made in open court. In the absence of any such indication, we must assume no settlement was made in open court.

The record indicates that plaintiff was not in court, either on November 10 or on December 7. The presumption that an attorney does not have authority to settle a client's case is designed to protect the client. We should not allow that presumption to be diluted by an overly expansive application of the rule that the appellant has the duty to prepare the record or by a defendant's insinuation that something unsupported by the record may have occurred.

I would reverse the judgment of the trial court and remand for further proceedings. In the interests of judicial economy, I would also address plaintiff's argument that the trial court abused its discretion in granting defendant's motion to bar plaintiff's opinion testimony.