366

*In re* MARRIAGE OF NAYLOR (Charles M. Travis, Plaintiff-Appellee, v. Charles William Dobra, Defendant-Appellant).

First District (1st Division)   No. 1—88—3274

Opinion filed September 9, 1991.

Joseph E. Voelkl, of Bloomingdale, for appellant.

Charles M. Travis, of Hoffman Estates, appellee *pro se.*

PRESIDING JUSTICE MANNING delivered the opinion of the court:

Defendant Charles Dobra appeals from an award of attorney fees entered against him pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). He asserts that the trial court at no time made a finding of bad-faith filing and that the petition for fees failed to specify which pleadings were falsely made and inadequately investigated and the fees that resulted from such false pleadings. We affirm the decision of the trial court, not based upon the merits of the case, but based upon the incompleteness of the record on appeal. Because of our disposition of this matter, we will set forth the numerous pleadings and hearings below leading up to the appeal.

Glenda Carol Naylor (Glenda) and William Estil Naylor (William) were divorced pursuant to a judgment of dissolution of marriage entered on December 22, 1987. The written marital settlement agreement dated November 12, 1987, and incorporated into the judgment provided, *inter alia,* that Glenda was given custody of the two children; that William pay directly to Glenda rehabilitative maintenance in the amount of $650 each month in two installments of $325 for the first year following the effective date of the agreement; that William pay child support in the amount of $500 each month commencing November 1, 1988; that William obtain and maintain life insurance; and that William make certain credit bill payments.

On February 22, 1988, Glenda filed a petition for rule to show cause alleging that William had failed to make payments of child support, that William had failed to provide and maintain life insurance and that he violated the court's order directing the parties to refrain from harassing one another. Soon thereafter, Glenda filed a second petition for rule to show cause alleging that William had violated the court's restraining order which enjoined him from entering her property.

On March 29, 1988, the trial court continued the matter for one week to allow William to obtain counsel based upon William's repre-

sentation that he had retained Dobra as counsel but that Dobra was unable to attend the hearing because of a pending trial in Du Page County. Thereafter, plaintiff Charles Travis, Glenda's attorney, contacted Dobra and wrote him a letter in which he advised Dobra of the continued court date and enclosed a copy of the March 29 order. Dobra replied that he had not been retained by William at that time; however, the day preceding the court date, Dobra contacted Travis and requested an agreement to continue the hearing. Travis declined the request.

On April 5, 1988, attorney Doty appeared, filed an appearance on behalf of Dobra and requested additional time to respond to the rules. On that date, Travis also filed a petition for attorney fees. Over Travis' objections, the trial court gave William 21 days to respond and continued all matters until April 22, 1988.

On April 22, 1988, Glenda presented another petition for rule to show cause alleging William's failure to pay the First Card credit bill. William filed a motion to strike and dismiss the petition for attorney fees and the previously filed petitions for rule to show cause pursuant to section 2—615 or section 2—619 of the Code of Civil Procedure. Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619.

Thereafter, on April 28, 1988, Glenda filed a request to admit facts and documents and demanded that William respond by May 2, 1988. On May 9, 1988, William filed an emergency motion to strike Glenda's request to admit facts. Glenda, in turn, filed a motion to strike William's several motions to strike and dismiss alleging that the pleadings were unverified and a fourth petition for rule to show cause alleging William's failure to pay rehabilitative maintenance.

On June 2, 1988, William filed his responses and affirmative defenses to Glenda's several petitions. Thereafter, on June 16, 1988, the court entered rules to show cause against William for failure to pay rehabilitative maintenance, failure to pay the First Card bill, failure to obtain life insurance, and violating the judgment which forbade him to enter upon Glenda's property. The court allowed William 28 days to file any affirmative defenses to the rules and continued the matter until July 28, 1988, for hearing and return of the rules.

William then filed his responses and affirmative defenses on July 18, alleging, *inter alia*, that he was having difficulty obtaining life insurance because of a DUI conviction, but he had made several applications for policies; that he neither agreed to nor initialled any modification in the agreement regarding his obligation to pay the First Card bill; that the judgment contemplated his entry upon the premises to

visit the children; and that he had insufficient funds to pay rehabilitative maintenance.

Following the hearing on the various petitions heard on July 28, 1988, the trial court entered a detailed typewritten order on August 5, 1988, finding William's conduct willful and contumacious and him in indirect contempt of court for failure to pay rehabilitative maintenance, failure to make the First Card payments and failure to obtain and maintain life insurance. The court then *sua sponte* granted Glenda leave to file a petition for sanctions against William and Dobra for bad-faith pleadings pursuant to section 2—611 and leave to file an amended petition for attorney fees. The trial court set the matter for hearing on the section 2—611 motion, together with the petition for attorney fees on October 4, 1988.

Thereafter, Glenda ostensibly filed a motion for judgment on the pleadings, a third amended petition for attorney fees with affidavit and a motion for sanctions under section 2—611 for bad-faith pleadings on August 29, 1988. Although the record on appeal contains the "Memorandum and Response on Behalf of William Naylor to Petitioner Glenda Naylor's Motion for Sanctions" that was filed by William on September 28, 1988, and the judgment on the pleadings that refers to Glenda's section 2—611 motion, it is devoid of either the original or a copy of the section 2—611 motion. Similarly, the record on appeal contains no transcription of the proceedings held on October 4, 1988. Included in the record, however, are the orders entered by the trial court on October 4, 1988, and October 11, 1988. In relevant part, the October 4 order recites:

> "The plaintiff (Glenda) having presented her motion to strike, motion for judgment on the pleadings; defendant (William) having filed a memorandum to the 2—611 motion for sanctions and motion to abate; the court having heard the arguments of counsel on the motion on the judgment on the pleadings; the motion is granted and the court finds that the motion for sanctions was at the court's suggestion; that from the testimony at the hearing that attorney Dobra had not made reasonable inquiry."

The court then ordered "[t]hat the attorney's fees are allowed to Petitioner and against Charles Dobra only on the petitions which were filed and upon which orders of contempt were entered against William Naylor." The trial court set the matter over until October 11 for a "[h]earing on what amounts shall be allowed hereunder."

The record contains an excerpt of the report of the proceedings that was held on October 11, 1988. Following a lengthy examination

of Travis by the court with respect to the time he expended in the matter, the court entered

> "judgment in favor of Charles Travis and against Mr. Dobra in the amount of $2,470.00 for Mr. Travis' fees, and presenting those Petitions For Rule To Show Cause for which he was successful and for which Mr. Naylor was found to be in indirect civil contempt of court based upon the bad faith pleadings that the court has found on the part of Mr. Dobra in representing his client."

It is from this order that Dobra appeals.

■■ ■ Section 2—611 provides that an attorney's signature on pleadings and other papers constitutes a certification by him that he has read the document, has made a reasonable inquiry into its basis and believes that it is well-grounded in fact, warranted by existing law and is being made in good faith. (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.) Pleadings and other papers filed in violation of this section subject the attorney, the party whom he represented, or both to an appropriate sanction. (*Diamond Mortgage Corp. v. Armstrong* (1988), 176 Ill. App. 3d 64, 71, 530 N.E.2d 1041.) The party seeking to recover pursuant to section 2—611 has the burden of proving that his opponent made untrue allegations without reasonable cause. (*In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77, 535 N.E.2d 876.) A petition for attorney fees and costs under section 2—611 must meet minimum requirements of specificity so that a responding party has an opportunity to challenge and defend against the allegations made, and so that fees and costs may be fairly apportioned. (*Diamond Mortgage*, 176 Ill. App. 3d at 71, citing *Geneva Hospital Supply, Inc. v. Sanberg* (1988), 172 Ill. App. 3d 960, 966, 527 N.E.2d 611.) The petition must state specifically which statements were falsely made and what fees were incurred as a result of such statements. (*Plainfield Community Consolidated School District No. 202 v. Linblad Construction Co.* (1988), 174 Ill. App. 3d 149, 154, 528 N.E.2d 996.) Illinois courts have applied an abuse of discretion standard to review trial court sanction awards. *Chicago Title & Trust Co. v. Anderson* (1988), 177 Ill. App. 3d 615, 625, 532 N.E.2d 595.

■ However, here, as previously stated because of the lack of common law record and applicable report of proceedings, we do not reach the merits of the appeal. A party who prosecutes an appeal has the duty of presenting to the court of review everything necessary to decide the issues on appeal. *Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 42, 482 N.E.2d 1014.

Supreme Court Rule 321 sets forth the requirements essential to the record on appeal:

"The record on appeal shall consist of the judgment appealed from, the notice of appeal, and the entire original common law trial record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less. The trial court record includes any report of proceedings prepared in accordance with Rule 323 and every other document filed and judgment and order entered in the cause. There is no distinction between the common law record and the report of proceedings for the purpose of determining what is properly before the reviewing court. No assignment of errors or cross-errors is necessary." 107 Ill. 2d R. 321.

Thus, the appellant, Dobra, has the burden of presenting a sufficiently complete record of the proceedings in the trial court, which includes all the evidence that forms the basis of the decision, to support his claim of error. (*Pecora Oil Co. v. Johnson* (1987), 156 Ill. App. 3d 521, 523, 509 N.E.2d 495.) We must presume in the absence of such a record that the trial court's ruling was in conformity with the law and had a sufficient factual basis. Any doubts resulting from the incompleteness of the record will be resolved against the appellant. *Palmisano v. Connell* (1989), 179 Ill. App. 3d 1089, 1099, 534 N.E.2d 1243.

■ In the instant case, the trial court entered an award on behalf of attorney Travis for attorney fees as a sanction against attorney Dobra pursuant to section 2—611. The trial court apparently held an evidentiary hearing on October 4, 1988, on the motion filed by Glenda. There is no section 2—611 motion in the record on appeal. Neither is there a transcript from the hearing on the motion in the record on appeal. Because Dobra challenges the propriety of the trial court's ruling with regard to its findings made on October 4, 1988, and its order entered on October 11, 1988, imposing section 2—611 sanctions against him, we believe it is necessary to review the section 2—611 motion itself and the transcript of the evidentiary hearing on the motion. Although all cases do not require a complete transcript of the proceedings on the merits, *i.e.*, there are cases that may be decided on the pleadings alone (*Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 234, 512 N.E.2d 85), we conclude that because the present case was decided, at least in part, on the pleadings, the record on appeal must contain the pleading upon which the decision was based.

As both the section 2—611 motion and the transcript of the hearing on the motion are absent from this record, we are compelled to

affirm the trial court's order on the ground that the record is incomplete with regard to the issue of the propriety of the trial court's award pursuant to section 2—611. It is possible that the trial court relied in whole or in part upon the evidence presented at the October 4, 1988, hearing when it granted Glenda's section 2—611 motion. However, because the record does not indicate what evidence was presented during the hearing, we must presume that the trial court's ruling was in conformity with the law and had a sufficient factual basis. We also must presume that the section 2—611 motion itself met the requisite specificity necessary to sustain a section 2—611 motion for attorney fees.

Accordingly, since the record is inadequate for review of the trial court's ruling on the section 2—611 motion, we affirm that ruling.

For the reasons stated herein, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and O'CONNOR, JJ., concur.