ROBERT HUBENY *et al.*, Plaintiffs-Appellees, v. JANET CHAIRSE, Defendant-Appellant (Ronald Chairse, Defendant).

Second District   No. 2—98—0971

Opinion filed June 29, 1999.

1040

Robert R. Foos, Jr., of Eannace, Lowery & Meade, of Bedford Park, for appellant.

Darryl L. Awick, of John R. Hubeny & Associates, of Westmont, for appellees.

JUSTICE HUTCHINSON delivered the opinion of the court:
After finding that defendant Janet Chairse (Janet) negligently drove an automobile into plaintiffs' vehicle, the trial court awarded plaintiff Robert Hubeny (Robert) a judgment in the amount of $9,714 and awarded plaintiff Melena Hubeny (Melena) a judgment in the amount of $21,219. Janet appeals, arguing that (1) the trial court's findings were based on an improper request for admissions; (2) plaintiffs waived the right to invoke Janet's admissions in court; and (3) the trial court improperly barred Janet from submitting evidence of a prior injury suffered by Melena that could have reduced the extent of Janet's liability. We affirm.

Plaintiffs' complaint alleged that Janet, acting individually and as the agent of defendant Ronald Chairse (Ronald), negligently drove an automobile into an intersection against a red traffic light and caused a collision with plaintiffs' vehicle. Plaintiffs sought damages for both bodily injuries and damage to their vehicle. In their answer, defendants admitted that Janet entered the intersection against a red light and that a collision occurred, but denied liability for any damages sustained by plaintiffs. Defendants also admitted that Ronald was the owner of the vehicle that Janet was driving, but denied the existence of an agency relationship between the two.

Plaintiffs moved to transfer the case to the court's arbitration division. The court granted that motion and set a nonbinding arbitration hearing for November 19, 1997.

On October 17, 1997, plaintiffs filed requests for admissions of fact pursuant to Supreme Court Rule 216 (134 Ill. 2d R. 216). Plaintiffs sought the admission of seven assertions. Paragraph seven of the requests stated:

"As a direct result of Defendant Janet Chairse disobeying said traffic control signal and proceeding into the intersection against a red light to strike the vehicle driven by Plaintiff Robert Hubeny, Plaintiffs Robert and Melena Hubeny suffered bodily injuries requiring medical expenses in excess of $9,900.00 as well as substantial property damage to their vehicle."

Defendants filed timely responses to plaintiffs' requests, in which they denied several allegations including that in paragraph seven. However, they failed to submit sworn statements specifically denying those matters as required by Rule 216. 134 Ill. 2d R. 216(c). In response to plaintiffs' motion, the trial court ruled that the allegations were deemed admitted.

At the arbitration hearing, the arbitrators awarded Robert a judgment against Janet in the amount of $5,586 for his personal injuries and $4,263 for property damage and awarded Melena a judgment against Janet in the amount of $9,328.50. The arbitrators found that Ronald was not liable to plaintiffs. Defendants filed a notice of rejection of the arbitrators' decision, and the court set a trial date.

Plaintiffs moved for summary judgment in light of the allegations that were deemed to be admitted by defendants. The court denied that motion. However, the complaint was dismissed as to Ronald, who is not a party to this appeal.

At trial, the court first found, based on the allegations deemed to be admitted, that Janet was negligent and liable to plaintiffs for damages including no less than $9,900 in medical expenses. The court then conducted a trial solely on the issue of damages. Both plaintiffs

testified. They briefly described how the accident occurred and submitted evidence of their medical expenses, property damage, and pain and suffering.

During his cross-examination of Robert, Janet's attorney attempted to introduce evidence of a lower back injury that Melena suffered before this accident occurred. Citing *Brown v. Baker*, 284 Ill. App. 3d 401 (1996), the court refused to permit Janet to explore the issue because she did not have an expert witness who could establish a causal connection between the prior injury and the ones complained of in the current case. Melena later testified that only her neck, shoulder, and arm were injured in this accident; she previously sustained an injury to her lower back, but she had no pain in that area as a result of this accident.

The court awarded Robert a judgment in the amount of $9,714 and awarded Melena a judgment in the amount of $21,219. Janet's motion for a new trial was denied, and she appealed to this court.

Before we reach the merits of the appeal, we must address a motion that was taken with the case. Plaintiffs move to strike defendant's reply to plaintiffs' response to a motion for a new trial and portions of Melena's medical records that are contained in the appendix to Janet's brief. Plaintiffs contend that neither the pleading nor the medical records are contained in the common-law record and that the medical records constitute only a portion of the records that were admitted into evidence at trial.

■ Under Supreme Court Rule 342(a) (155 Ill. 2d R. 342(a)), an appellant's brief must include an appendix that contains "any pleadings or other materials from the record which are the basis of the appeal or pertinent to it." If the materials are not taken from the record, they may not generally be placed before an appellate court by way of an appendix. See *Department of Transportation ex rel. People v. Interstate Brands Corp.*, 251 Ill. App. 3d 785, 787 (1993). Our review of the record in this case reveals that defendant's reply to plaintiffs' response to the motion for a new trial is not included therein. Furthermore, the record does not contain the medical records that were submitted at trial. Contrary to Janet's assertion, we are unaware of any motion to have those materials included in a supplemental record. As a result, we grant plaintiffs' motion and strike the portions of the appendix in question.

We turn now to the merits of the appeal. Janet first argues that the trial court improperly based its findings of both liability and damages on her admittedly insufficient response to plaintiffs' requests for admissions. Specifically, Janet contends that paragraph seven of the requests called for the admission of an "ultimate" fact or a conclusion

of law and was therefore an inappropriate request. Janet concludes that her inadequate response to that request cannot constitute a binding admission and that she is entitled to a new trial of both issues.

■ Our supreme court recently defined the proper scope of a request for admissions under Rule 216 in *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224 (1998). There, the court considered whether a party's failure to respond to a request for admissions may be deemed an admission if the request relates to legal conclusions or to "disputed ultimate facts," which were defined as " 'any contested facts needed to establish one's case or defense.' " *P.R.S.*, 184 Ill. 2d at 233, quoting *P.R.S. International, Inc. v. Shred Pax Corp.*, 292 Ill. App. 3d 956, 963-64 (1997). The court gave effect to the clear language of the rule, which allows requests for the admission "of the truth of any specified relevant fact." 134 Ill. 2d R. 216(a). The court explained:

> "[W]hether a fact is an 'ultimate' fact is irrelevant for purposes of this rule. The key question is whether a requested admission deals with a question of *fact*. Accordingly, requests for legal conclusions are improper; however, requests for admissions of factual questions which might give rise to legal conclusions are not improper." (Emphasis in original.) *P.R.S.*, 184 Ill. 2d at 236.

Therefore, even if the admission of a fact may give rise to a grant of summary judgment, failure to respond properly to a request for admission of that fact constitutes a binding admission. Only if the request seeks the admission of a conclusion of law will a trial on the issue be required despite the opposing party's failure to respond. *P.R.S.*, 184 Ill. 2d at 239.

■ Therefore, we must determine whether paragraph seven of plaintiffs' requests for admissions called for an admission of fact or a conclusion of law. This question is one of law and thus is subject to *de novo* review. *P.R.S.*, 184 Ill. 2d at 234.

In *P.R.S.*, the supreme court provided a helpful example of the difference between a request for the admission of a fact and a request for the admission of a legal conclusion. The court stated:

> "[A] party's conduct pursuant to a contract, including what actions that party did or did not take, would be a factual question properly included in a request to admit. However, whether that conduct amounts to a material breach is a legal rather than a factual question, and thus is not appropriate for a request to admit. In subsequent filings, the other party may refer to that party's conduct under the contract and *argue* that it amounts to a breach, but the language of Rule 216 refers only to factual issues." (Emphasis in original.) *P.R.S.*, 184 Ill. 2d at 236-37.

■■ In other words, a request for admissions is proper if a finder of fact must take some analytical step, no matter how small, from the

contents of the admissions to the final conclusion that the party seeks to establish. Whether an action was taken, an event occurred, or a consequence resulted is a question of fact. Even if the admission of that fact plainly requires the fact finder to conclude that a party breached a contract or was negligent as a matter of law, a request for that admission is proper and the failure to respond to it is binding. In accordance with this reasoning, we conclude that paragraph seven of plaintiffs' requests for admissions properly sought the admission of a fact. The paragraph asserted that Janet's failure to observe a red traffic light and the resulting collision caused plaintiffs to suffer bodily injuries requiring over $9,900 in medical expenses and property damage as well. Although Janet may have lacked sufficient knowledge to either admit or deny this assertion, the request still called for the admission of a fact.

There is little doubt that, once this fact was admitted, a finding of negligence was a natural result. However, this does not mean, as Janet suggests, that the request asked her to admit that she was negligent as a matter of law. The finder of fact had to take an additional, albeit small, analytical step to reach that legal conclusion. Therefore, plaintiffs' request for admissions was proper, and Janet was correctly bound by her failure to respond. As a result, the trial court's findings were properly based on that admission.

Janet next argues that plaintiffs waived the right to bind her to her admissions when they submitted evidence at trial to prove what she admitted. Specifically, Janet contends that plaintiffs testified about issues of negligence and damages that were already conclusively resolved by her failure to answer their requests for admissions, particularly in paragraph seven. When plaintiffs submitted that evidence, Janet concludes, the court could no longer base its findings on the admissions as it did, and she must therefore receive a new trial of those issues.

■ Janet correctly articulates the applicable rule. "Where facts have been admitted pursuant to a Rule 216 request and the party presents evidence at trial to prove those facts, the admissions are waived and the party must rely on the strength of the evidence adduced at trial." *Magee v. Walbro, Inc.*, 171 Ill. App. 3d 774, 780 (1988). However, we do not believe that plaintiffs waived Janet's admissions in this case.

■ At the beginning of the trial, the court informed the parties that the hearing would concern only the issue of damages. Clearly, that issue was not conclusively resolved by Janet's admissions. By failing to respond to paragraph seven, Janet admitted that she caused plaintiffs to incur medical expenses "in excess of" $9,900. This admis-

sion acknowledged that the actual total of plaintiffs' medical expenses was greater than $9,900 but was otherwise uncertain. As a result, plaintiffs were free to submit evidence, including medical bills, of their actual expenses. Of course, because the admissions contained no figures to reflect plaintiffs' property loss or pain and suffering, plaintiffs did not waive the admissions by introducing evidence of those damages.

Janet's argument is similarly ineffective as to plaintiffs' testimony concerning her negligence. Robert answered three questions to describe how Janet drove a vehicle into his as he was entering an intersection with a green traffic light. The rest of his very extensive testimony was directly related to the issue of the damages that he sustained. Melena answered one question about the accident itself, and, except for five seemingly irrelevant questions about what Janet said to her after the accident occurred, the rest of her testimony was directly related to the issue of her damages.

From this record, it is clear to us that plaintiffs' brief, preliminary testimony about the accident itself was offered only as background information to establish a context for the testimony that followed. This is particularly obvious in light of the court's explicit statement that it was trying only the issue of damages. Plaintiffs presented no evidence to actually prove the truth of admitted facts; as a result, we will not conclude that plaintiffs waived Janet's admissions. See *Magee*, 171 Ill. App. 3d at 780.

Finally, Janet argues that she was improperly barred from presenting evidence of Melena's prior back injury. She contends that she should have been able to explore that issue without demonstrating a causal connection between the prior injury and the injuries that were being attributed to her conduct.

■ We first note that Janet correctly asserts that the court relied on inapplicable precedent. In *Brown v. Baker*, 284 Ill. App. 3d 401, 404-05 (1996), the Appellate Court, Fifth District, held that, in a personal injury case, evidence of a prior injury is admissible only if expert testimony establishes a causal link between the prior injury and the present symptoms. Relying on *Brown*, the trial court prevented Janet from inquiring into Melena's prior injury when she could offer no such expert testimony. However, in *Molitor v. Jaimeyfield*, 251 Ill. App. 3d 725, 728 (1993), this court followed the traditional rule that evidence of a prior injury to the same part of the body may be submitted without proof of a causal connection between the injuries provided there is some evidence of the nature, extent, duration or treatment of the prior injury. Janet contends that she attempted to introduce evidence of a prior injury to the same part of

Melena's body, and that the court should have followed *Molitor* instead of *Brown* and accepted the evidence without proof of causation.

It is true that, when conflicts arise among appellate districts, a trial court is bound by the decisions of the appellate court of the district in which it sits. *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 92 (1997). Therefore, if our holding in *Molitor* allows Janet to introduce evidence of Melena's prior injury without proof of causation, the trial court should have permitted her to do so.

■ However, *Molitor* offers no assistance to Janet, because she did not seek to introduce evidence of a prior injury to the same part of the body that was injured in this accident. Janet attempted to explore an injury to Melena's lower back, but Melena testified that only her neck, shoulder, and arm were injured in the current incident. In response to direct questioning by her attorney and by the court, she repeatedly denied that the accident caused her to suffer any lower back pain. As a result, even under *Molitor*, Janet was properly barred from presenting evidence of the prior injury.

Janet responds that Melena's medical records indicate that she complained of lower back pain following this accident. Therefore, Janet suggests, Melena did sustain an injury to the same part of the body despite her testimony to the contrary. The medical records, however, were neither included in the record on appeal nor did Janet move to file them as a supplemental record. As the appellant, any doubts arising from the incompleteness of the record must be resolved against Janet. *In re Marriage of Naylor*, 220 Ill. App. 3d 366, 371 (1991). We are thus unable to reach the merits of this argument and must presume that the trial court's ruling was in conformity with the law and had a sufficient factual basis. See *Naylor*, 220 Ill. App. 3d at 371.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN, P.J., and INGLIS, J., concur.