ANGELA WALKER, Plaintiff-Appellee, v. VALOR INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division)    No. 1—99—2435

Opinion filed June 5, 2000.—Rehearing denied June 27, 2000.

Meade, Engelberg & Associates, of Chicago (Robert E. Hillison, of counsel), for appellant.

Daniel W. Sherman, of Chicago, for appellee.

PRESIDING JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant, Valor Insurance Company, appeals the trial court's grant of summary judgment against it and in favor of plaintiff, Angela Walker, in regard to defendant's denial of plaintiff's insurance claim for the total loss of her vehicle in a fire. Plaintiff purchased an insurance policy from defendant that included coverage for property damage to her vehicle. After her vehicle was allegedly stolen and set on fire, she filed an insurance claim under the policy to recover damages. Defendant denied plaintiff's insurance claim, citing several violations of the insurance policy. Plaintiff then brought a six-count complaint against defendant and her insurance broker, Insure One, that alleged causes of action for declaratory judgment (count I), breach of contract (count II), violation of section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1998)) (count III), defamation (count IV), intentional infliction of emotional distress (count V) and negligent infliction of emotional distress (count VI). Following plaintiff's motion for summary judgment on each count of the complaint against defendant only, the trial court granted summary judgment on count I, dismissed count II, and denied plaintiff's motion on counts III through VI. The trial court further awarded plaintiff damages of $5,715 and found no just reason to delay enforcement of appeal of its grant of summary judgment against defendant on count I. On appeal, defendant argues that because genuine issues of material fact exist as to whether plaintiff torched her own vehicle, the trial court erred in granting summary judgment and awarding plaintiff damages on count I of the complaint. We reverse and remand.

Count I of plaintiff's complaint alleged that, in April 1997, plaintiff renewed a policy of automobile insurance from defendant for her 1991 Pontiac Sunbird automobile. Plaintiff originally purchased this policy from defendant in December 1995. The policy period lasted from April 20, 1997, to October 20, 1997, and plaintiff made all periodic payments of premium. On June 9, 1997, plaintiff discovered that her automobile was not where she parked it the night before and reported the car stolen to the Chicago police department. Plaintiff alleged that on June 9 she also contacted defendant to report that her car had been stolen.

Plaintiff next alleged that, on July 7, 1997, the Chicago police department notified her that they had located her automobile and towed it to an auto pound. Plaintiff went to the auto pound and saw that her automobile had been incinerated and was a total loss. Plaintiff informed defendant of this loss. Defendant then began an investigation of the damages to the vehicle, which included obtaining two oral statements from plaintiff. On October 29, 1997, defendant sent plaintiff a letter denying her claim. Plaintiff attached the letter to her complaint. The letter listed the following provisions of the insurance policy as relevant:

"Part V—PHYSICAL DAMAGE

Definitions:

[F]orcible entry means making felonious entry by actual force and violence evidenced by visible marks on the exterior of the automobile or the premises on which the automobile is garaged, at the point of entry.

Exclusions: The policy does not apply under Part V:

(n) to loss due under Coverage (G) if evidence exists that forcible entry was not required to gain access to the automobile.

Conditions

3. Notice *** In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place, and circumstances thereof, and the names and addresses of the injured and of the available witnesses, shall be given by and for the insured to the company as soon as practicable. In the event of theft the insured shall also promptly notify the police.

The policy shall be null and void and of no benefit or effect whatsoever as to any claim arising thereunder in the event that the *** statements in the application or in any claim against the company shall prove to be false or fraudulent in nature."

We note the forcible entry provision limits the conditions of coverage; however, plaintiff did not challenge this language as being ambiguous or inconsistent with other policy provisions. Based on the terms of the

policy, defendant listed in the letter three reasons for denying plaintiff's claim: (1) plaintiff's intentional and fraudulent statements about the claim and within her application for insurance; (2) no evidence of a forced entry into the vehicle; and (3) evidence that the steering wheel and ignition had not been defeated.

Plaintiff further alleged in count I of her complaint that she performed all duties under the insurance policy and that defendant has not performed its duties. Plaintiff sought a "judicial determination" or a "declaration by the trier of fact, that *** [defendant] had no reasonable basis to deny the Claim [sic] for the stolen and incinerated Sunbird Auto." Plaintiff filed her complaint on August 21, 1998, and defendant answered the complaint on December 1, 1998. In its answer, defendant admitted that it insured plaintiff's vehicle at the time of the loss, that plaintiff reported the loss to defendant, and that defendant denied plaintiff's claim of loss.

On January 14, 1999, plaintiff served on defendant her first request to admit facts pursuant to Supreme Court Rule 216. 134 Ill. 2d R. 216. Plaintiff asked defendant to admit the following facts relevant to count I:

"3. On or about July 7, 1997, plaintiff Angela Walker arrived at the Chicago Police Department auto pound to inspect her Pontiac Sunbird auto.

4. Upon inspecting her Pontiac Sunbird auto on or about July 7, 1997, plaintiff Angela Walker discovered that it had been incinerated.

* * *

13. In reporting the claim described in the verified complaint, plaintiff Angela Walker honestly and truthfully provided all information to Valor regarding the theft of her auto.

14. During 1997 and thereafter, plaintiff Angela Walker performed each and every condition of her as an insured under the Policy.

15. In responding to plaintiff Angela Walker's claim under the Policy for the theft of her Pontiac Sunbird Auto, Valor failed to conduct a reasonable investigation based on all available information.

***

17. During 1997 and 1998, Valor wrongfully defined plaintiff Angela Walker's Claim [sic] under the policy for the theft of her Pontiac Sunbird Auto."

Defendant did not respond to this request to admit facts within 28 days, and plaintiff subsequently moved for summary judgment. Plaintiff argued that because defendant did not respond to the request to admit, it admitted all facts within the request and that these facts demonstrated that defendant "had no reasonable basis to deny

Walker's claim for the stolen and incinerated auto." Defendant's response to plaintiff's motion for summary judgment challenged the validity of plaintiff's request to admit facts and how plaintiff served the request to admit on defendant.

On May 12, 1999, the parties appeared before the trial court on plaintiff's motion for summary judgment. The court merged the breach of contract action (count II) into the declaratory judgment action (count I). The court then noted that the insurance "industry has flagged their computers with respect to theft, burnouts, any car that is burned out, allegedly stolen, they are going to give you a hard time on the claim." When plaintiff's counsel told the court he had not yet looked at or received the claim file, the court ordered defendant to turn over the file to plaintiff's counsel within seven days. The court also entered and continued the motion and further instructed the parties' counsel as follows:

> "You [plaintiff's counsel] review [the claim file] and you come back in and if you tell me there is nothing in there, okay, I will review it. If there is nothing in there of an objective criteria, okay, for them to deny this claim, then I am going to give you a dec action [sic] in your favor and 155 sanctions. Now, I don't usually give advisory opinions and orders, but that's what I am going to do. You will need to know that."

The parties returned to court on May 25, 1999, and defense counsel brought his claim file, which he had previously provided to plaintiff's counsel. The court asked to look at the file and defense counsel gave it to the court. The court read into the record the portion of the letter from defendant to plaintiff setting forth the basis of its denial of the claim. After briefly discussing whether plaintiff made any material misrepresentations to defendant, the court asked defense counsel to "show me where you've got dead-bang proof this women is a Federal and State criminal who torched this car or had it done by a third party. *** [If] you can't show me in [the claim file] that she's an arsonist, that she either torched the car or had it torched, then you pay the claim." Defense counsel referred the court to a report prepared by its forensic expert and photographs of the automobile. The court read into the record the forensic report. It stated in relevant part:

> "It is our finding, based on examination of the physical evidence at the time of the investigation, that the vehicle was removed from the loss location with the use of the key recovered in the keyway and found in the driver's floor of the vehicle. An examination of the preaction spring and the steering wheel locking pin, along with recovery of the key, all indicate that the vehicle was removed with

the factory-style ignition key and the ignition locking systems were not attacked nor defeated."

The court asked plaintiff's counsel if plaintiff still had her ignition key. In her statements to defendant, plaintiff claimed to have one ignition key for the car. Based on its review of the forensic report, the court indicated to plaintiff's counsel that he would need to get a forensic analysis of the key. Plaintiff's counsel, however, told the court that plaintiff gave the ignition key to defendant's attorney in September 1997. At that point, the court ruled in favor of plaintiff and found that defendant had no valid reason to deny the claim. The court stated, "[n]ow that was the key to this case; and you're going to pay this claim." The court allowed defense and plaintiff's counsel 14 days to draw up the appropriate order.

On June 4, 1999, the parties again appeared before the court. Plaintiff requested a "judgment debtor order" and showed the court the Kelly's blue book as proof of plaintiff's vehicle's cash value at the time it was destroyed. After examining the book, the court determined that book value of the car was $5,115 and that plaintiff was entitled to $600 in rental fees, for total damages of $5,715. Defendant disputed these figures on the value of the car and presented a different book. The court refused to consider defendant's evidence and accepted evidence of the car's value as produced by plaintiff. The court further noted that on the last court date it granted summary judgment on count I after reviewing the claim file. The court then entered an order granting summary judgment to plaintiff on count I, awarding damages of $5,715 to plaintiff, dismissing count II, and denying plaintiff's motion for summary judgment as to counts III through VI. Defendant now appeals.

Summary judgment shall only be granted if the pleadings, depositions, and admissions, together with the affidavits on file, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). "Although summary judgment is encouraged to aid the expeditious disposition of a lawsuit, it is a drastic means of disposing of litigation. [Citations.] Therefore, where reasonable persons could draw divergent inferences from the undisputed material facts or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact. [Citations.]" *Espinoza v. Elgin, Joliet & Eastern Ry. Co.*, 165 Ill. 2d 107, 113-14 (1995). We review the circuit court's grant of a motion for summary judgment *de novo. Ruane v. Amore*, 287 Ill. App. 3d 465, 473 (1997).

Defendant argues that the forensic report demonstrates that there is a genuine issue of material fact over whether plaintiff set her car on

fire, thus requiring reversal of summary judgment on count I. Plaintiff argues that because defendant admitted several "ultimate facts" by failing to respond to the Rule 216 request, summary judgment was proper. Notably, plaintiff does not ask this court to affirm the entry of summary judgment for the reason the trial court ruled. We agree with the parties that the fact that plaintiff gave her key to defendant's attorney does not result somehow in the conclusion that there is no genuine issue of material fact that defendant wrongfully denied the claim. However, because we are not restricted to the reasons the trial court stated in the record (*McCullough v. Gallaher & Speck*, 254 Ill. App. 3d 941, 950 (1993)), we will examine plaintiff's argument that defendant has admitted sufficient facts to warrant summary judgment and a damage award.

■ Our supreme court has held that a party's failure to respond to a Supreme Court Rule 216 request to admit facts admits " 'any specified relevant fact set forth in the request.' " (Emphasis omitted.) *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 236 (1998), quoting 134 Ill. 2d R. 216(a). Rule 216 states in relevant part:

"(a) Request for Admission of Fact. A party may serve on any other party a written request for the admission by the latter of the truth of any specified relevant fact set forth in the request.

\* \* \*

(c) Admission in the Absence of Denial. Each of the matters of fact and the genuineness of each document of which admission is requested is admitted unless, within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested or setting forth in detail the reasons why he cannot truthfully admit or deny those matters or (2) written objections on the ground that some or all of the requested admissions are privileged or irrelevant or that the request is otherwise improper in whole or in part. If written objections to a part of the request are made, the remainder of the request shall be answered within the period designated in the request. A denial shall fairly meet the substance of the requested admission. If good faith requires that a party deny only a part, or requires qualification, of a matter of which an admission is requested, he shall specify so much of it as is true and deny only the remainder. Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request." 134 Ill. 2d R. 216.

Because the language of Rule 216 plainly allows for the admission of any facts, a party may seek to have "ultimate" facts admitted. *P.R.S. International*, 184 Ill. 2d at 236-37. However, the court in *P.R.S.*

pointed out that Rule 216 applies only to the admission of facts, and legal conclusions may not be admitted or included in a Rule 216 request. *P.R.S. International*, 184 Ill. 2d at 236. The court in *P.R.S.* further noted that a party may seek to have facts admitted that give rise to a legal conclusion but that it is improper under Rule 216 to seek the admission of a legal conclusion. Therefore, "a party's conduct pursuant to a contract, including what actions that party did or did not take, would be a factual question properly included in a request to admit. However, whether that conduct amounts to a material breach is a legal rather than a factual question, and thus is not appropriate for a request to admit." *P.R.S. International*, 184 Ill. 2d at 236. Issues such as whether a party repudiated or breached a contract are not properly included in a request to admit. *P.R.S. International*, 184 Ill. 2d at 242.

■ In this case, defendant in denying the claim relied on two provisions of the insurance policy, namely, the provision concerning evidence of felonious entry into the vehicle and the provision regarding false statements in the application or in any claim. Defendant produced a forensic report that provides a factual basis for an arson defense to the insurance claim. See *Morris v. Auto-Owners Insurance Co.*, 239 Ill. App. 3d 500, 506 (1993) (arson defense to an insurance claim is commonly established by evidence of incendiarism, access, and motive). Examining each fact that defendant admitted and disregarding the improper legal conclusions within plaintiff's request to admit, we find that defendant has not admitted sufficient facts to warrant summary judgment. We consider each relevant admission in plaintiff's request to admit.

"4. Upon inspecting her Pontiac Sunbird auto on or about July 7, 1997, plaintiff Angela Walker discovered that it had been incinerated."

This is clearly a factual issue and, thus, admitted.

"13. In reporting the claim described in the verified complaint, plaintiff Angela Walker honestly and truthfully provided all information to Valor regarding the theft of her auto."

This is a factual issue, whether plaintiff provided truthful information, and defendant's failure to respond to it constitutes an admission.

"14. During 1997 and thereafter, plaintiff Angela Walker performed each and every condition of her as an insured under the Policy."

This is a legal conclusion. It discusses whether Walker satisfied the conditions of the insurance policy, *i.e.*, gave notice, truthful information, etc. While plaintiff's conduct, which gives rise to this conclu-

sion, involves factual issues, this purported admission that plaintiff performed these conditions is a legal question. Whether conduct amounts to a material breach or instead constitutes proper performance under a contract is a legal, not a factual, question and thus may not be admitted under a Rule 216 request. *P.R.S. International*, 184 Ill. 2d at 236-37. Therefore, defendant's failure to respond to this legal conclusion does not constitute an admission.

> "15. In responding to plaintiff Angela Walker's claim under the Policy for the theft of her Pontiac Sunbird Auto, Valor failed to conduct a reasonable investigation based on all available information."

This admission constitutes a question of fact because it relates to defendant's conduct in investigating the claim. Therefore, it is admitted.

> "17. During 1997 and 1998, Valor wrongfully denied plaintiff Angela Walker's Claim [*sic*] under the policy for the theft of her Pontiac Sunbird Auto."

This is a legal conclusion because it seeks to establish that defendant breached the insurance contract. Issues such as whether a party repudiated or breached a contract are not properly included in a request to admit. *P.R.S. International*, 184 Ill. 2d at 242. Therefore, plaintiff improperly sought to have this legal conclusion admitted.

Considering all the facts admitted, and not the legal conclusions, we conclude that these facts do not establish as a matter of law that defendant breached the insurance policy and improperly denied the claim. While defendant has admitted that plaintiff provided truthful information, defendant has not made similar admissions to negate the forensic report and its finding that the factory-style ignition key was used to start the vehicle. The policy specifically excludes physical coverage damage "if *evidence* exists that forcible entry was not required to gain access to the automobile." (Emphasis added.) The policy moreover defines forcible entry as "felonious entry by actual force and violence." Whether forcible entry was used to gain access to the automobile raises a genuine issue of material fact. The forensic report supports such a factual dispute. It establishes evidence that "forcible entry" was not required to gain access to plaintiff's vehicle. The report concludes that the steering wheel and ignition were not compromised and that the ignition key to the vehicle was found on the floor of the vehicle.

We note that, by failing to respond to the request to admit, defendant has admitted that when plaintiff went to the auto pound she "discovered" her vehicle was incinerated. While this fact supports plaintiff's claim that her vehicle was stolen and that she first knew

about the damage to her vehicle when she went to the auto pound, it does not establish as a matter of law that there was evidence that forcible entry was required to gain access to plaintiff's vehicle. In fact, the forensic report concludes that forcible entry was not required to gain access to plaintiff's vehicle. We cannot say that simply because plaintiff "discovered" her vehicle incinerated at the auto pound, all other factual evidence in the record of no forcible entry is negated. The trier of fact is in the best position to weigh this admitted fact with the other evidence in the record and determine whether defendant wrongfully denied the claim. Therefore, we find that material issues of fact exist as to whether defendant properly denied the claim and summary judgment on count I must be reversed and remanded for trial.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded consistent with this opinion.

Reversed and remanded.

RAKOWSKI and TULLY, JJ., concur.