CRAIG ROBERTSON, Plaintiff-Appellant, v. SKY CHEFS, INC., Defendant-Appellee.

First District (6th Division)   No. 1—02—3818

Opinion filed October 17, 2003.

Richard S. Kolodziej, of Goldstein, Fishman, Bender & Romanoff, of Chicago, for appellant.

John Scott Hoff, of John S. Hoff, P.C., of Chicago, for appellee.

JUSTICE SMITH delivered the opinion of the court:

Plaintiff-appellant Craig Robertson (plaintiff) appeals from the trial court's order granting summary judgment in favor of defendant-appellee Sky Chefs, Inc. (defendant), based on plaintiff's failure to respond to defendant's written request for admission of fact pursuant to Illinois Supreme Court Rule 216 (134 Ill. 2d R. 216). Plaintiff asks that we vacate the order and remand the cause, allowing him to withdraw any admissions or file a late response to defendant's written request. For the following reasons, we affirm.

## BACKGROUND

The record in the instant case reveals that on June 2, 1999,

plaintiff was operating a motor vehicle on a service ramp in the American Airlines terminal at O'Hare International Airport between gates K11 and K13. While plaintiff was driving the vehicle, he slowed to yield to a catering truck that was being operated by an agent of defendant. Despite this, plaintiff's vehicle and defendant's vehicle collided.

On May 29, 2001, plaintiff filed a complaint at law alleging that defendant's agent had been negligent in operating its vehicle and that this negligence resulted in his injury and damages. Defendant answered the complaint and asserted various affirmative defenses. Defendant then filed and served upon plaintiff a written request for admission of fact (request to admit), pursuant to Supreme Court Rule 216 (Rule 216). See 134 Ill. 2d R. 216. This request to admit propounded 12 questions with respect to the alleged accident and sought plaintiff's response to each. Plaintiff did not respond to defendant's request to admit.

Defendant filed a motion for summary judgment asserting that due to plaintiff's failure to respond to the Rule 216 request to admit, all the facts contained in that request must be deemed admitted, thereby leaving no issue of material fact with respect to defendant's alleged negligence. Plaintiff responded, claiming that the questions defendant propounded in the request to admit were improper in form and did not comply with Rule 216. On September 10, 2002, the trial court entered an order granting defendant's motion for summary judgment.

## ANALYSIS

On appeal, plaintiff contends that the trial court abused its discretion in granting defendant's motion for summary judgment due to his failure to answer the questions contained in defendant's request to admit. Plaintiff claims that the questions improperly sought admissions concerning conclusions of law, and therefore, his failure to respond to them did not result in any binding admissions. Alternatively, plaintiff contends that even were we to find that his failure to respond did result in his admission of the contents of defendant's Rule 216 request to admit, summary judgment was not proper because genuine issues of material fact still exist. For its part, defendant contends that each question in the request to admit was proper in form. Defendant further argues that even if some conclusions of law were present, the remaining factual questions in the request "are enough by themselves" for plaintiff to have judicially admitted, through his failure to answer them, that no cause of action for negligence against defendant exists. We agree with defendant's latter argument.

■ As a threshold matter, we note for the record that the parties disagree upon the appropriate standard of review for the instant cause. Plaintiff argues that the trial court committed an abuse of discretion in its ruling, while defendant points out that an appeal from a grant of summary judgment requires *de novo* review. Neither approach, however, is entirely correct. This cause invokes two issues for our consideration: (1) whether the questions in defendant's request to admit were proper in form and thus should be deemed admissions as a result of plaintiff's failure to respond to them; and (2) whether, after setting aside any improper questions in the request to admit, the remaining admissions provide adequate support for the trial court's award of summary judgment to defendant. Our review for both of these questions is on a *de novo* basis, since the first is a question of law (see *P.R.S. International, Inc. v. Shred Pax Corp.*, 184 Ill. 2d 224, 234 (1998) (whether request to admit calls for admission of fact or conclusion of law is reviewed *de novo*)), and the second is an appeal from an order granting summary judgment (see *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992) (whether summary judgment was properly granted is reviewed *de novo*)).

■ The purpose of summary judgment is to determine whether a question of fact exists. See *Addison v. Whittenberg*, 124 Ill. 2d 287, 294 (1988). This relief is proper when the pleadings, affidavits, depositions and admissions of record, construed strictly against the moving party, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001); accord *Purtill v. Hess*, 111 Ill. 2d 229, 240-44 (1986). While summary judgment has been called a "drastic measure," it is an appropriate tool to employ in the expeditious disposition of a lawsuit in which " 'the right of the moving party is clear and free from doubt.' " *Morris*, 197 Ill. 2d at 35, quoting *Purtill*, 111 Ill. 2d at 240.

■ Pursuant to Rule 216, a party to an action may serve another party to that action with a written request for his admission of "any specified relevant fact set forth in" that request. 134 Ill. 2d R. 216(a); see *P.R.S. International*, 184 Ill. 2d at 234. The party receiving the request then has 28 days in which to either deny or object to the request. See 134 Ill. 2d R. 216(c). If he does neither, those factual matters in the request are deemed judicial admissions which cannot later be controverted by any contradictory evidence. See 134 Ill. 2d R. 216(c); see also *Banco Popular v. Beneficial Systems, Inc.*, 335 Ill. App. 3d 196, 208 (2002) (failure to respond as required by Rule 216(c) results in admission of facts which cannot later be disputed).

However, Rule 216 applies exclusively to the admission of facts or "ultimate facts" which might give rise to legal conclusions. See *P.R.S. International*, 184 Ill. 2d at 236, 239; *Walker v. Valor Insurance Co.*, 314 Ill. App. 3d 55, 62 (2000) ("Rule 216 applies only to the admission of facts"). Thus, a party may not include legal conclusions in his request to admit. See *P.R.S. International*, 184 Ill. 2d at 236; *Walker*, 314 Ill. App. 3d at 62 ("legal conclusions may not be admitted or included in a Rule 216 request"). Any question propounded in the request to admit which seeks the admission of a conclusion of law is improper in form (see *P.R.S. International*, 184 Ill. 2d at 236), and the failure to respond to that question does not result in a judicial admission. See *P.R.S. International*, 184 Ill. 2d at 239; accord *Banco Popular*, 335 Ill. App. 3d at 209; see also *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1043 (1999) (if request asks party to admit to conclusion of law, party's failure to respond is irrelevant and "a trial on the issue" is "required").

■ Accordingly, we must determine whether the defendant's request to admit to which plaintiff did not respond properly included questions of fact and, subsequently, whether these facts deemed admitted due to plaintiff's failure to respond support the trial court's award of summary judgment to defendant.

With respect to question 1, we find that, contrary to plaintiff's contention, this is a question of fact. Specifically, it asked:

"1. Do you admit that on June 2, 1999, that the Plaintiff did not operate, maintain, or control a certain motor vehicle on a working ramp at O'Hare Airport ***?"

Through this question, defendant sought an admission from plaintiff that plaintiff was not present on the service ramp at the time of the alleged incident. This is clearly a question of fact. See *Hubeny*, 305 Ill. App. 3d at 1044 (question in request to admit seeking admission of whether an action was taken or an event occurred is a question of fact); see also *Pryor v. Industrial Comm'n*, 201 Ill. App. 3d 1, 5 (1990) (whether accident occurred and who was present are issues of fact). Thus, plaintiff's failure to respond to question 1 results in its admission. See *P.R.S. International*, 184 Ill. 2d at 239.

Likewise, question 2 of defendant's request to admit asked:

"2. Do you admit that on the aforesaid date, and time, the Defendant *** did not own or operate a certain motor vehicle, at O'Hare Airport on [the same] working service ramp ***?"

This too is a question of fact, as it sought an admission from plaintiff that defendant was not present at the scene of the alleged incident. See *Hubeny*, 305 Ill. App. 3d at 1044; *Pryor*, 201 Ill. App. 3d at 5. Because plaintiff failed to respond to this question of fact, it is deemed admitted. See *P.R.S. International*, 184 Ill. 2d at 239.

Question 3 of defendant's request to admit asked:

"3. Do you admit that on the aforementioned dates, times and places *** did the Defendant *** own [*sic*] a certain motor vehicle being operated, maintained and controlled by its agents, servants and/or employees, which came in contact with the vehicle operated by the Plaintiff?"

In propounding this question, defendant sought the admission by plaintiff that his motor vehicle and a motor vehicle being driven by defendant's agent collided on the service ramp on the day in question. Just as questions 1 and 2 in the request to admit, this is a question of fact, dealing with whether an event, namely the accident, actually occurred. See *Hubeny*, 305 Ill. App. 3d at 1044; *Pryor*, 201 Ill. App. 3d at 5. Thus, plaintiff's failure to respond to this question also constitutes an admission. See *P.R.S. International*, 184 Ill. 2d at 239.

Therefore, we find that questions 1, 2 and 3 are questions of fact that were properly included in defendant's request to admit. Thus, plaintiff's failure to respond to them, namely, to deny them or object to their content within 28 days as mandated under the auspices of Rule 216, results in their admission. See 134 Ill. 2d R. 216; *P.R.S. International*, 184 Ill. 2d at 235-36 (Rule 216 is not a suggestion but, rather, a rule that must strictly be obeyed and enforced). Accordingly, these admissions cannot be controverted by any contradictory evidence. See 134 Ill. 2d R. 216(c); accord *Banco Popular*, 335 Ill. App. 3d at 208.

With respect to questions 1, 2 and 3, plaintiff contends that even if these are deemed to be questions of fact, it becomes evident that the facts contained in those admissions create genuine issues of material fact which prohibit the grant of summary judgment in this cause. This is because, as plaintiff points out, questions 1 and 2 result in the admissions that neither plaintiff nor defendant operated motor vehicles at the time, date and location of the alleged accident, yet question 3 results in the admission that vehicles operated by plaintiff and defendant at the time, date and location of the accident "came in contact" with each other. We agree. Ostensibly, the admission that neither party was present at the scene of the accident is in direct conflict with the admission that the parties were present and involved in the accident. Thus, these contradictory admissions give rise to a conflicting issue of material fact, namely, whether a collision occurred between a vehicle operated by plaintiff and a vehicle for whose operation defendant is responsible.

■ However, upon our review of the other questions contained in defendant's Rule 216 request to admit, specifically question 5, we find that there is no basis upon which to support any finding of liability

against defendant, even assuming a collision between the parties occurred.

Question 5 asks plaintiff to admit the following:

"5. Do you admit that on the aforesaid date, the Defendant *** did not commit any of the following acts or omissions:

(a) operating, maintaining and controlling a motor vehicle on the aforesaid Service Ramp so that Plaintiff was greatly injured;

(b) failing to keep proper and/or any lookout for traffic then and there lawfully proceeding on said service ramp;

(c) operating said motor vehicle in a reckless manner with disregard for safety of persons and other motor vehicles lawfully driven on said service ramp, in violation of Illinois Statute 5/11—503;

(d) operating said motor vehicle on the aforesaid roadway at a rate of speed that was greater than was reasonable, proper and prudent, having regard of traffic, the condition of the roadway and the use of way;

(e) act in violation of Illinois Statute 5/11—601(a), by operating a motor vehicle at a rate of speed that was greater than was reasonable, proper and prudent, having regard for traffic, the condition of the roadway and the use of way;

(f) failing to stop and/or turn the course and/or reduce the speed of said motor vehicle in time to avoid a collision with another vehicle on the aforesaid service ramp;

(g) failing to make proper and/or any use of the brakes of said motor vehicle in time to avoid causing a collision with another motor vehicle on the aforesaid service ramp."

Omitting consideration of subparts (c) and (e), which are questions of law (see *People v. Wallace*, 77 Ill. App. 3d 979, 981 (1979) ("[w]hether certain conduct occurred is a question of fact, but whether certain conduct violates a certain statute is a question of law"); accord *McCoy v. McCoy*, 227 Ill. App. 3d 244, 247 (1992)), plaintiff's failure to respond to the remaining subparts of question 5 resulted in the judicial admission of the following facts: defendant was not operating a vehicle that injured plaintiff, defendant kept a proper lookout, defendant was operating the vehicle at a reasonable and proper speed, defendant stopped and/or turned the course and/or reduced speed to avoid a collision, and defendant properly used his brakes in an attempt to avoid the collision. See *Hubeny*, 305 Ill. App. 3d at 1044 (request to admit with respect to action taken or event's occurrence is question of fact that is admitted if not answered). The assertions in these subparts, as set forth by defendant in its request to admit, specifically tracked the language used by plaintiff in his complaint as a predicate for defendant's liability. Thus, plaintiff's admission of these factual asser-

tions, through his failure to respond to them, eliminates any basis or foundation for defendant's alleged negligence as postured in the complaint. See *P.R.S. International*, 184 Ill. 2d at 243-44 (through failure to respond to request to admit, party constructively admitted to facts which precluded finding of alleged liability, and thus, summary judgment for opposing party was proper).

Accordingly, although questions 1, 2 and 3 may be characterized as conflicting admissions with respect to whether a collision occurred, even were we to assume, as plaintiff claims, that a collision did indeed occur, plaintiff's failure to respond to question number 5 is preemptive and leaves no basis upon which to support any finding of liability against defendant, thereby rendering the trial court's grant of summary judgment proper in this cause.

## CONCLUSION

For the foregoing reasons, we affirm the holding of the trial court.

Affirmed.

GORDON and McNULTY, JJ., concur.