2020 IL App (2d) 190847
No. 2-19-0847
Opinion filed December 10, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE CITY OF NAPERVILLE, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 19-TR-41988 |
| | ) | |
| DAVID M. LUCIANO, | ) | Honorable |
| | ) | Kenton J. Skarin, |
|     Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hutchinson and Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1    On May 17, 2019, defendant, David M. Luciano, was ticketed for disobeying a police officer in violation of a Naperville ordinance. Following a bench trial, he was found guilty of that offense. Defendant appeals, *pro se*, from his conviction, arguing that the trial court erred in denying his motions for substitution of judge and for a continuance of trial. We reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3    The ticket issued on May 17, 2019, summoned defendant to appear at the Du Page County Judicial Center, in Courtroom 1001, on June 19, 2019, but did not name the judge before whom defendant would appear. Defendant appeared on that date before Judge Kenton J. Skarin. The

record contains a *pro se* motion for substitution of judge pursuant to section 114-5(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114-5(a) (West 2018)) accompanied by a certificate of service indicating that it was mailed to Naperville's city prosecutor on June 27, 2019. The motion, which stated that Judge Skarin was "so prejudiced against [defendant] that he cannot receive a fair trial," was electronically filed with the court on July 2, 2019. Defendant electronically filed the same motion again on July 8, 2019.

¶ 4 Judge Skarin heard and denied the motion, issuing a written order setting forth two independent reasons for the ruling. First, Judge Skarin ruled that the motion was untimely because it was not filed within 10 days of the case being placed on his trial call, as section 114-5(a) requires. He concluded that, upon ticketing, defendant was charged with knowledge that the case had been assigned to Judge Skarin. Judge Skarin reasoned that he had been assigned to Courtroom 1001 by administrative order and that the courtroom assignments and the administrative order itself were publicly available. Therefore, because the ticket issued to defendant summoned him to Judge Skarin's courtroom, defendant was on notice that Judge Skarin would preside over his trial. Judge Skarin concluded that defendant's motion, which was filed more than 10 days after the ticket was issued, was untimely.

¶ 5 Second, Judge Skarin reasoned that the motion, which was file-stamped July 2, 2019, would be untimely even if defendant's first notice that Judge Skarin had been assigned to the case came when he appeared before Judge Skarin on June 19. Judge Skarin noted that defendant claimed to have mailed the motion within the 10-day period. Based on a faulty premise—that defendant had not filed a certificate of service—Judge Skarin concluded that the motion's filing date did not relate back to the mailing date.

¶ 6    The case was set for trial on September 25, 2019. Defendant moved for a continuance and clarification of the order denying the motion for substitution of judge. Judge Skarin entered an order acknowledging his error regarding the certificate of service. However, he reaffirmed his ruling that the 10 days for filing the motion for substitution of judge began to run when defendant received the ticket. Judge Skarin denied defendant's motion for a continuance. As noted, defendant was found guilty of disobeying a police officer, and this appeal followed.

¶ 7                                   II. ANALYSIS

¶ 8    Defendant argues that the 10-day period for filing a motion for substitution of judge should begin to run when a defendant files an appearance or appears in court the first time. The City maintains that Judge Skarin correctly concluded that the 10-day period for filing a motion for substitution of judge started to run when defendant received a ticket summoning him to Judge Skarin's courtroom.

¶ 9    Section 114-5(a) of the Code (*id.*) provides, in pertinent part, as follows:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of that judge on the ground that such judge is so prejudiced against him that he cannot receive a fair trial. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion."

¶ 10   In *People v. McDuffee*, 187 Ill. 2d 481, 490 (1999), our supreme court observed that "[i]n part because there is no uniform, statewide requirement that judicial assignments be formally executed, the appellate court has developed a test for calculating the 10-day period set forth in section 114-5(a) which does not depend upon the existence of an official assignment date." The *McDuffee* court explained that "[f]or at least 30 years, the appellate court has held *** that a motion

for substitution is timely filed if it is brought within 10 days of the date the defendant could be 'charged with knowledge' that the judge at issue had been assigned to his case." *Id.* The *McDuffee* court cited a number of those appellate court cases. Although they illustrate the operation of the "charged with knowledge" rule, the fact patterns in those cases, for the most part, bear little resemblance to the fact pattern here. However, one of the cases that *McDuffee* cited—*People v. Gunning*, 108 Ill. App. 3d 429 (1982)—is instructive. In *Gunning*, the court held that, although the allegedly prejudiced judge was the traffic judge for the county and traffic cases were automatically assigned to him, "[d]efendant did not know, and could not know, *** that in fact [the judge in question] was assigned to his specific case" (*id.* at 432) until the entry of an order setting the case for trial. Relying on *People v. Samples*, 107 Ill. App. 3d 523 (1982), the *Gunning* court reasoned as follows:

> "In *Samples* the defendant appeared first before Judge Lewis; later he appeared before Judge Howerton, who entered up preliminary orders on December 30, 1980, including one for a pre-trial hearing on March 25, 1981, and for jury trial on April 1, 1981. Defendant filed a motion for substitution from Judge Lewis on February 25, 1981. At the hearing on that motion Judge Lewis stated that he was the only judge who heard criminal cases in Williamson County and therefore defendant was charged with knowledge when the trial allotment was made that he, Judge Lewis, would hear the case; therefore, the motion was too late.
>
> The appellate court held that this ruling was error, saying:
>
> > 'We do not think that the prevailing practice in the circuit court of Williamson County described by Judge Lewis, in which a certain judge hears all the criminal cases unless he is ill or otherwise unable to do so,

amounts to a placement of the cause on the trial call of a judge so as to

commence the running of the 10-day period in which a defendant may move

for automatic substitution of a judge for prejudice.' [Citation.]

The court also stated that any such system would render a defendant's right to substitution

under section 114-5(a) 'disappointingly hollow.' " *Gunning*, 108 Ill. App. 3d at 431-32

(quoting *Samples*, 107 Ill. App. 3d at 527).

¶ 11    In *McDuffee*, as in *Gunning*, the allegedly prejudiced judge was the only judge in the

county hearing traffic cases. The State conceded that this fact did not put the defendant on notice

that the judge in question would preside over the defendant's trial. Because of that concession, the

*McDuffee* court was not required to reach the issue. Nonetheless, the court's citation of *Gunning*,

if only as support for a point conceded by the State, appears to reflect tacit approval of *Gunning*'s

reasoning. If, as in *Gunning* and *Samples*, a defendant is not charged with knowledge that his or

her case has been assigned to the only judge in the county hearing traffic cases, we cannot see how

a defendant could be charged with knowledge that his case will be heard by a judge who has been

assigned to a particular courtroom.

¶ 12    The City cites this court's decision in *People v. Schneider*, 375 Ill. App. 3d 734, 749 (2007),

in support of its argument that, by virtue of the publicly available administrative order assigning

Judge Skarin to Courtroom 1001, defendant was charged with notice that the case was placed on

Judge Skarin's trial call when the ticket was issued to defendant summoning him to appear in that

courtroom.

¶ 13    The City's reliance on *Schneider* is misplaced. We note that in *Schneider*, it was the State

rather than the defendant that moved for substitution of judge. However, like section 114-5(a), the

applicable statute required the State's motion to be filed within 10 days after the case was put on

a judge's trial call. The defendant argued on appeal that the State's motion was untimely and that the trial court therefore erred by granting it. In rejecting the defendant's argument, we stated that "we need not rely on the 'charged with knowledge' test to determine when defendant's case had been placed on the trial call of a judge, because Winnebago County's criminal division has a formal procedure for assigning judges." *Id.* Under the procedure in Winnebago County, felony prosecutions were assigned to trial judges in rotation when an indictment or information was filed. The indictment in *Schneider* was filed on May 21, 2003, and the parties appeared before Judge Steven Vecchio on May 23, 2003, at which time they acknowledged that the case had been assigned to him. The State filed a motion for substitution of judge on May 27, 2003, and an amended motion for substitution of judge on May 30, 2003. We held that the motions were timely, reasoning as follows:

> "Because the indictment against defendant was not filed until May 21, 2003, that is the earliest that the case could have been assigned to a judge for trial under the local court rules in effect when these events took place. [Citations.] The latest that the case could be considered assigned to a judge for trial is May 23, 2003, when the parties appeared before the court and agreed that Judge Vecchio had been assigned to the case. Under either scenario, the State's substitution motion was timely. The State's original substitution motion was filed on May 27, 2003, and its amended motion was filed on May 30, 2003. Both of these motions were therefore filed within 10 days after the cause could have been considered to be placed on the trial call of Judge Vecchio." *Id.* at 750-51.

¶ 14    In *Schneider*, we simply had no occasion to pinpoint when the State was charged with knowledge of Judge Vecchio's assignment to the case. It was sufficient to observe that, regardless of when the State was charged with such knowledge—as of the filing of the indictment or as of

the first appearance before the judge—the 10-day period could not have expired before the motion was filed. Our holding in *Schneider*—that the motion was timely in those circumstances—does not imply that it would have been untimely had it been filed later.

¶ 15     The case law supports defendant's position that he could not be charged with knowing that his case was assigned to Judge Skarin prior to his appearance before Judge Skarin on June 19, 2019. Because defendant's motion for substitution of judge was filed within 10 days of that appearance, Judge Skarin should have granted defendant's motion for substitution of judge. We must therefore remand for a new trial before a different judge. In light of that conclusion, we need not consider whether the trial court erred by denying defendant's motion for a continuance.

¶ 16                                    III. CONCLUSION

¶ 17     For the foregoing reasons, we reverse the judgment of the circuit court of Du Page County and remand for a new trial before a judge other than Judge Kenton J. Skarin.

¶ 18     Reversed and remanded.

---

**No. 2-19-0847**

---

| | |
|---|---|
| **Cite as:** | *City of Naperville v. Luciano*, 2020 IL App (2d) 190847 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Du Page County, No. 19-TR-41988; the Hon. Kenton J. Skarin, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | David M. Luciano, of Naperville, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Joseph Solon and Christopher Holland, of Naperville, for appellee. |

---